The UNITED STATES, Appellant,

v.

The DeLAVAL SEPARATOR
COMPANY, Appellee.

Appeal No. 77-20.

United States Court of Customs
and Patent Appeals.

Feb. 16, 1978.

Rehearing Denied April 27, 1978.

---

Barbara Allen Babcock, Asst. Atty. Gen., Washington, D. C., David M. Cohen, Chief, Customs Section, John J. Mahon, New York City, for the United States.

Rode & Qualey, New York City, attorneys of record, for appellee; John S. Rode, New York City, of counsel.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE and MILLER, Judges.

LANE, Judge.

The United States appeals from the judgment of the Customs Court which sustained appellee's claim for free entry of its imported merchandise, described on the invoice as Farm Tanks Without Refrigeration Units.

78 Cust.Ct. ——, C.D. 4693, 434 F.Supp. 656 (1977). We reverse.

The sole issue presented is the correct classification of the imported merchandise, which consists of stainless steel tanks having a double wall with polyurethane foam insulation between the walls. Each tank contains, inter alia, an agitator, a built-in thermometer, a measuring device, and refrigeration and electrical control panels. When connected to a domestically produced refrigeration unit and a source of electricity, the tanks are used to refrigerate milk on dairy farms.

The merchandise was classified by Customs under Schedule 6, part 4, subpart A, item 661.35 TSUS, "Refrigerators and refrigerating equipment, whether or not electric, and parts thereof." Accordingly, assessment of duty was made at 6% ad valorem. Appellee, however, contended that the merchandise was entitled to entry free of duty under Schedule 6, part 4, subpart C, item 666.00, " * * * on-farm equipment for the handling or drying of agricultural or horticultural products, and agricultural and horticultural implements not specially provided for, and parts of any of the foregoing." The Customs Court agreed with appellee and judgment below was entered accordingly.

We shall assume arguendo, without deciding, that the imported farm tanks are encompassed by the broad sweep of item 666.00. We shall assume, further, that the tanks are neither refrigerators nor refrigerating equipment within the meaning of item 661.35.

Nevertheless, the imported farm tanks are clearly "parts" of refrigerators under item 661.35 because they are solely or chiefly used as parts of refrigerators. See General Interpretative Rule 10(ij) which states: "a provision for 'parts' of an article covers a product solely or chiefly used as a part of such article * * *." Each imported tank is designed so that, without modification, it may be connected to a refrigeration unit. The tank will not function and operate for the purpose for which

it is intended without the refrigeration unit. In our view, the various non-refrigeration functions which appellee attributes to the tanks (e. g., storage, sanitation, mixing, measuring) are merely ancillary to the primary function of refrigerating milk on a dairy farm. Certainly, with respect to storage and sanitation, these functions are common to any refrigerator. We note that each tank as imported contains the following component parts: thermal insulation which helps maintain the milk in a cool state as long as possible; an agitator which moves the milk across the bottom of the tank and prevents freezing when the unit is operating; a built-in thermometer which indicates the temperature of the milk in the tank; and refrigeration and electrical control panels which control the refrigeration process. These component parts are all indicia of a product which, in the language of General Interpretative Rule 10(ij), is "solely or chiefly used as a part" of a refrigerator.

Having decided that the imported tanks are "parts" of refrigerators under item 661.35, and assuming that they are also blanketed by item 666.00, we next must determine which item *prevails*. In this regard, the Customs Court was mindful of General Interpretative Rule 10(ij) which states: "a provision for 'parts' of an article covers a product solely or chiefly used as a part of such article, *but does not prevail over a specific provision for such part*." [Our emphasis.] The court found that the provisions of item 666.00 are sufficiently specific to prevent classification as parts of refrigerators under item 661.35. We disagree.

■ Item 666.00 contains two provisions which are pertinent to the case at bar: (1) "on-farm equipment for the handling or drying of agricultural or horticultural products," and (2) "agricultural and horticultural implements not specially provided for." Both provisions are, by their very terms,

sweeping in scope.* Assuming that they encompass the imported farm tanks, it is quite clear that they also encompass countless other products which find utility on a farm. They are scarcely the "specific provisions" which would invoke the operation of General Interpretative Rule 10(ij) in order to prevent classification as parts of refrigerators under item 661.35. Neither provision of item 666.00 is an *eo nomine* or "specific provision," as that term is used in Rule 10(ij), for the imported farm tanks. See *Parts Manufacturing Associates v. United States*, 377 F.Supp. 1356, 1359, 73 Cust.Ct. 42, 48, C.D. 4552 (1974). Moreover, with respect to the second provision of item 666.00, this is a general basket provision for all agricultural and horticultural implements not specially provided for in the TSUS. Such general basket provisions containing the clause "not specially provided for" are not specific provisions within the meaning of General Interpretative Rule 10(ij). In competition between a parts provision and a general basket provision, merchandise is properly classifiable under the parts provision. See *Ideal Toy Corp. v. United States*, 433 F.2d 801, 803–04, 58 CCPA 9, 13, C.A.D. 996 (1970).

■ Furthermore, we believe that headnote 1 of Schedule 6, part 4, subpart A demonstrates a clear Congressional preference for classification in subpart A vis-à-vis any other subpart of part 4. That headnote reads as follows: "A machine or appliance which is described in this subpart and also is described elsewhere in this part is classifiable in this subpart." The invasive language of this headnote is applicable to all other subparts of part 4; moreover, articles which meet the description of "parts thereof" in an item of subpart A are subject to the headnote. *Costa International Corp. v. United States*, 434 F.2d 1053, 58 CCPA 48, C.A.D. 1003 (1970); *American SF Products, Inc. v. United States*, 291 F.Supp. 685, 61 Cust.Ct. 257, C.D. 3593 (1968). Applying

---

* Contrast the provision in item 685.22 for "[r]adiotelegraphic and radiotelephonic transmission and reception apparatus; radio broadcasting and television transmission and reception apparatus and parts thereof." This provision was held to describe radios in detailed, definitive, and explicit language and, accordingly, to be a specific provision within the meaning of Rule 10(ij). *Robert Bosch Corp. v. United States*, 305 F.Supp. 921, 63 Cust.Ct. 187, C.D. 3895 (1969).

the headnote, it follows that item 661.35, which is in subpart A, must prevail over item 666.00, which is in subpart C.

Appellee contends that headnote 1 of Schedule 6, part 4, subpart A is inapplicable because the imported merchandise is not a machine or appliance which is described in subpart A. It is clear from our discussion above that we disagree with this contention. The Customs Court incorrectly found that the legislative intent of Congress in enacting subpart A is evidenced by its assigned title, which reads: "Boilers, Non-Electric Motors and Engines, and Other General Purpose Machinery." This title indicated to the court below that the imported farm tanks are not described in subpart A. In this regard, it is sufficient to note General Interpretative Rule 10(b), which states that "the titles of the various schedules, parts, and subparts and the footnotes therein are intended for convenience in reference only and have no legal or interpretative significance."

For the foregoing reasons, we hold that the correct classification of the imported merchandise is under item 661.35 TSUS. The judgment of the Customs Court is, accordingly, *reversed*.