The UNITED STATES, Appellant,

v.

ABBEY RENTS, Appellee.

Appeal No. 78–4.

C.A.D. 1213.

United States Court of Customs and Patent Appeals.

Oct. 19, 1978.

502

Barbara Allen Babcock, Asst. Atty. Gen., David M. Cohen, Chief, Customs Section, Washington, D. C., Joseph I. Liebman, Robert H. White, New York City, for the United States.

Edward N. Glad, Glad, Tuttle & White, Los Angeles, Cal., of record, for appellee.

Before MARKEY, Chief Judge, and RICH, BALDWIN, MILLER and FORD,* Judges.

* The Honorable Morgan Ford, Associate Judge of the United States Customs Court, sitting by designation.

BALDWIN, Judge.

This is an appeal from the judgment of the United States Customs Court, 79 Cust.Ct. 103, C.D. 4720, 442 F.Supp. 540 (1977), holding motorized wheelchairs to be properly classifiable under item 692.10 TSUS[1] and not items 727.04 TSUS[2] or 727.-55 TSUS[3] as claimed by the appellant. We affirm.

■ After a thorough consideration of the record, briefs and oral argument, we find no reversible error in the decision and opinion of Judge Landis and adopt it as our own with the following additional comments.

■ The appellant's contention that motorized wheelchairs are encompassed within the definition of furniture set forth in TSUS Schedule 7, Part 4, Subpart A, headnote 1[4] must fail because the testimony in the record establishes that motorized wheelchairs serve as a means of mobility for individuals with upper and lower body disabilities. Mr. Burrer, a Government witness and himself a user of a motorized wheelchair, testified that he uses his motorized wheelchair as a vehicle for getting from one point to another. Further, no evidence presented established use of a motorized wheelchair solely as an article of furniture to the exclusion of its primary, mobility function.

■ The appellant's alternative argument that the merchandise should be classified as furniture for hospital or medical use fails for similar reasons. The fact that motorized wheelchairs are commonly marketed by medical and hospital supply firms is not evidence that the wheelchairs are furniture since such enterprises undoubtedly sell innumerable articles that are not furniture. Similarly, it does not follow that motorized wheelchairs must be furniture for medical or hospital use simply because certain agencies administratively require physician approval before an individual can

1. Item 692.10 TSUS provides as follows:

SCHEDULE 6.—METALS AND METAL PRODUCTS

Part 6.—Transportation Equipment

\*   \*   \*   \*   \*   \*   \*

Subpart B.—Motor Vehicles

\*   \*   \*   \*   \*   \*   \*

Motor vehicles (except motorcycles) for the transport of persons or articles:

\*   \*   \*   \*   \*   \*   \*

692.10    Other ......................3% ad val.

2. Item 727.04 TSUS provides as follows:

SCHEDULE 7.—SPECIFIED PRODUCTS; MISCELLANEOUS AND NONENUMERATED PRODUCTS

Part 4.—Furniture; Pillows, Cushions, and Mattresses; Nontextile Floor Coverings

\*   \*   \*   \*   \*   \*   \*

Furniture designed for hospital. medical, surgical, veterinary, or dental use; dentists', barbers' and similar chairs with mechanical elevating, rotating, or reclining movements; and parts of the foregoing:

727.02    Dentists', barbers' and similar chairs with mechanical elevating, rotating, or reclining movements, and parts thereof ..... \*\*\*

727.04    Other......................8.5% ad val.

3. Item 727.55 TSUS reads as follows:

SCHEDULE 7.—SPECIFIED PRODUCTS; MISCELLANEOUS AND NONENUMERATED PRODUCTS

Part 4.—Furniture; Pillows, Cushions, and Mattresses; Nontextile Floor Coverings

\*   \*   \*   \*   \*   \*

Furniture, and parts thereof, not specially provided for:

\*\*\*    Of unspun fibrous vegetable materials ..... ...................\*\*\*

Of wood:

\*   \*   \*   \*   \*   \*   \*

\*\*\*    Of textile materials, except cotton ...... ...................\*\*\*

Of rubber or plastics:

\*\*\*    Of reinforced or laminated plastics ......................\*\*\*

\*\*\*    Other .... .................\*\*\*

\*\*\*    Of copper ................... \*\*\*

727.55    Other .. ....................10% ad val.

4. The headnote reads as follows:

1. For the purposes of this subpart, the term "furniture" includes movable articles of utility, designed to be placed on the floor or ground, and used to equip dwellings, offices, restaurants, libraries, schools, churches, hospitals, or other establishments, aircraft, vessels, vehicles, or other means of transport, gardens, patios, parks, or similar outdoor places, even though such articles are designed to be screwed, bolted, or otherwise fixed in place on the floor or ground \* \*.

be issued a motorized wheelchair at government expense.[5]

■ Finally, the testimony that motorized wheelchairs are frequently transported between locations of use instead of being driven under their own power does not preclude their classification as motor vehicles since other motor vehicles, e. g., snowmobiles, dune buggies, golf carts, race cars, etc., are likewise transported to the environments for which they are designed.

The judgment is *affirmed.*

5. The Customs Court's reference to the Brussels Nomenclature heading 94.02 as an aid to interpreting TSUS item 727.04 was not incorrect because of the close similarity in the wording of the two provisions. *See Herbert G. Schwarz, dba Ski Imports v. United States,* 57 CCPA 19, C.A.D. 971, 417 F.2d 1391 (1969). Brussels Nomenclature heading 94.02 provides as follows:

   94.02—MEDICAL, DENTAL, SURGICAL OR VETERINARY FURNITURE (FOR EXAMPLE, OPERATING TABLES, HOSPITAL BEDS WITH MECHANICAL FITTINGS); DENTISTS' AND SIMILAR CHAIRS WITH MECHANICAL ELEVATING, ROTATING OR RECLINING MOVEMENTS; PARTS OF THE FOREGOING ARTICLES.

(A) FURNITURE DESIGNED FOR VETERINARY, MEDICAL, SURGICAL, OR DENTAL PRACTICE

This includes:
 *    *    *    *    *    *    *

(10) Stretchers and trolley-stretchers for moving patients inside hospitals, clinics, etc. *Invalid carriages used to carry invalids in the street are excluded* (Chapter 87). [Emphasis added.] [Brussels Nomenclature (1955), volume III, pages 1147–1148.]

