David E. PORTER, Plaintiff,

v.

UNITED STATES, Defendant.

C.D. 4808; Court No. 76–6–01448.

United States Customs Court.

June 22, 1979.

Arter Hadden & Hemmendinger, Washington, D. C. (Noel Hemmendinger and Barry E. Cohen, Washington, D. C., of counsel), for plaintiff.

Barbara Allen Babcock, Asst. Atty. Gen., Washington, D. C. (Joseph I. Liebman, New York City, Atty. in Charge, Field Office for Customs Litigation, Madeline B. Cohen, trial attorney, Washington, D. C.), for defendant.

LANDIS, Judge:

This classification case arises on cross-motions by the parties for summary judgment filed pursuant to Rule 8.2.

Defendant has stated in its brief that "it concurs with plaintiff's statement of material facts" and it appearing to the Court that no genuine issue exists as to any material fact, a summary judgment should be rendered in favor of the party entitled thereto upon the question of law raised by the parties.

1. Transverse seats are mounted at right angles to the direction of the vehicle's travel.

2. *Tariff Classification Study*, Schedule 7, November 15, 1960, page 242:

The merchandise in issue is transverse[1] rapid transit seats used exclusively in San Francisco Bay Area Rapid Transit (BART) rail vehicles. The seats were classified under TSUS item 727.55, schedule 7, part 4, subpart A:

> Furniture, and parts thereof, not specially provided for:
>
> \* \* \* \* \* \* \*
>
> 727.55 Other .................... 10% ad val.

Plaintiff claims the merchandise is properly classifiable as parts of rail vehicles or cars under TSUS item 690.40, schedule 6, part 6, subpart A, at the rate of 5.5 per centum ad valorem.

Based upon the reasoning below, it is the Court's determination that plaintiff should prevail and the defendant should not prevail.

The merchandise has no other use aside from its utilization in BART trains. The seats are designed to be permanently bolted to the sides of the host vehicles, and once in place, become integral parts of the vehicles.

Three issues are presented: (A) Is the merchandise "furniture"? (B) Is the merchandise part of a rail car or vehicle? (C) If the merchandise is both furniture and part of a rail car or vehicle, which provision controls?

(A) Is the merchandise "furniture" within the meaning of TSUS item 727.55?

The scope of the tariff provisions concerning "furniture" is strictly delimited by the headnote defining furniture.[2] *Morris Friedman & Co. v. United States*, 69 Cust.Ct. 184, C.D. 4392, 351 F.Supp. 611 (1972); *Karoware, Inc. v. United States*, 77 Cust.Ct. 112, C.D. 4681, 427 F.Supp. 402 (1976), aff'd, 564 F.2d 77, 65 CCPA 1, C.A.D. 1197 (1977); *Abbey Rents v. United States*, 79 Cust.Ct. 103, C.D. 4720, 442 F.Supp. 540 (1977), aff'd, 585 F.2d 501, 66 CCPA — —, C.A.D. 1213 (1978). That headnote reads:

> The concept of furniture embraced in this subpart is stated as a definition in headnote 1. \* \* \*

690

*Subpart A headnote:*

1. For the purposes of this subpart, the term *"furniture"* includes movable articles of utility, designed to be placed on the floor or ground, and used to equip dwellings, offices, restaurants, libraries, schools, churches, hospitals, or other establishments, aircraft, vessels, vehicles, or other means of transport, gardens, patios, parks, or similar outdoor places, even though such articles are designed to be screwed, .bolted, or otherwise fixed in place on the floor or ground; and kitchen cabinets and similar cupboards, seats and beds, and sectional bookcases and similar sectional furniture, even though designed to be fixed to the wall or to stand one on the other * * *. [Schedule 7, part 4.]

█ The litigants press different portions of the definition. Plaintiff emphasizes that the BART seats are not "designed to be placed on the floor or ground", but rather on the sides of the vehicle. Defendant counters that these are "seats * * * designed to be fixed to the wall." Some recent cases help resolve the issue.

In *Morris Friedman, supra,* the dutiable status of rattan hanging chairs was in issue. The chairs were classified as "Articles not specially provided for, of unspun fibrous vegetable materials: Of * * * rattan"; plaintiff argued that the merchandise was "furniture". The rattan chairs were basket-shaped chairs, without any legs or base, which hung from a chain and spring suspended either from the ceiling or a post extending from the wall. The Court concluded:

> * * * we find * * * that the hanging chairs in question do not come within the purview of the headnote since they are not designed to be placed on the floor or ground or to be fixed to the wall. [69 Cust.Ct. 190, 351 F.Supp. 616.]

By contrast, the BART seats involved here *are* fixed to the wall, the sides of the vehicle. Similarly, in *Karowar̂e, Inc. v. United States, supra,* which involved the classification of wine racks and bars, the Court wrote: "To fall within the headnote definition, an article must be designed to be placed on the floor or ground, or to be fixed to the wall, or to stand on another article of sectional furniture" and "[f]or the bars to fall within the headnote definition, therefore, they must be constructed to be fixed to the wall, a requirement that connotes more than the ability to be merely hung on a wall." (564 F.2d 83, 65 CCPA 8.)

Also, in *Abbey Rents v. United States, supra,* which involved the classification of motorized wheelchairs, this Court stated:

> To cut short the obvious, therefore, motorized wheelchairs are not ordinarily used to equip any of the places enumerated in the definition. What they are designed for, as all the witnesses testified, are people, disabled people who, for whatever reason, have very limited or severe involvement in the lower extremities and in the upper extremities to an extent that they cannot propel the hand rims on a standard self-propelled wheelchair. (R. 46.) Defendant's statement that given the design and speed limitations of the imported motorized wheelchairs they must be and are used within the structures. and limited areas surrounding the structures set forth in the TSUS definition of "furniture" does not, as it is meant to suggest, establish that they are used to equip the places described in the definition. [79 Cust.Ct. 106, 442 F.Supp. 543.]

The Court of Appeals unanimously affirmed, stating in an opinion by Judge Baldwin:

> .* * * .we find no reversible error in the decision and opinion of Judge Landis and adopt it as our own with the following additional comments.

The appellant's contention that motorized wheelchairs. are encompassed within the definition of furniture set forth in TSUS Schedule 7, Part 4, Subpart A, headnote 1 must fail because the testimony in the record establishes that motorized wheelchairs serve as a means of mobility for individuals with upper and lower body disabilities. Mr. Burrer, a Government witness and himself a user of a motorized wheelchair, testified that he uses his motorized wheelchair as a

vehicle for getting from one point to another. Further, no evidence presented established use of a motorized wheelchair solely as an article of furniture to the exclusion of its primary, mobility function. [585 F.2d 503, 66 CCPA ——.]

As noted, the BART seats in the case at bar are specifically constructed to be fixed to the wall.

Thus, although *Karoware, Morris Friedman* and *Abbey Rents* hold that the merchandise there involved did not constitute "furniture", the discussion in those cases demonstrates that the BART seats do fall within the statutory definition,[3] if not preempted by another provision.

■ (B) Is the merchandise part of a rail vehicle within the meaning of TSUS item 690.40?

Plaintiff urges that the BART seats are parts of rail vehicles or cars. Defendant concedes this to be the case preferring to save its attack to argue the relative specificity of the two tariff schedule items in issue. Thus an extended discussion is not needed here since both sides agree the merchandise is part of a rail vehicle or car.

" 'Parts' is a word of art in customs law." *Haan et al. v. United States,* 67 Cust.Ct. 104, 112, C.D. 4260, 332 F.Supp. 182, 187 (1971); *Haan* reviews many "parts" cases. One of those reviewed is *Mattel, Inc. v. United States,* 61 Cust.Ct. 75, 86, C.D. 3531, 287 F.Supp. 999, 1007 (1968), in which this Court stated: "[I]t is the nature, function and purpose of the item in relation to the article to which it is attached or designed to serve which determines whether the item is a 'part' of the article for tariff purposes." The "nature, function and purpose" of these

BART seats conclusively show that they are parts of the rail vehicle. The seats are specially designed for the BART cars and are incapable of being used for any other purpose. The seats cannot even be used as seats independent of the BART car. Once installed, the seats become an integral part of the vehicle. Finally, BART is incapable of functioning as intended without the seats.

■ (C) If both the claimed and assessed provisions describe the merchandise, which provision prevails?

There exists a statutory presumption that the classification by the Customs Service is correct. 28 U.S.C. § 2635(a). However, it is noted that General Interpretative Rule 10(c) provides: "[A]n imported article which is described in two or more provisions of the schedules is classifiable in the provision which most specifically describes it".

And while according to General Interpretative Rule 10(i, j) a parts provision does not prevail over a specific provision for the parts, this general rule is inapplicable where as here we have a parts provision— "parts of rail vehicles" and an n.s.p.f. provision—"furniture not specially provided for". A "parts" provision prevails over a "not specially provided for" provision for articles. *Tariff Classification Study, Seventh Supp. Report* at 99, U.S. Tariff Commission, 1963. This is confirmed by case law: " * * * as is made plain by the legislative history, the intent of general headnote 10(i, j) is that a provision for 'parts' is to be deemed more specific than a provision for 'articles, not specially provided for,' and therefore prevails over such a 'basket' provision." *J. E. Bernard & Co., Inc. v. United States,* 62 Cust.Ct. 536, 541, C.D. 3822, 299

---

**3.** Another case which leads to the same conclusion is *Albert E. Price, Inc. v. United States,* 476 F.2d 1354, 60 CCPA 127, C.A.D. 1095 (1973). There certain spice cabinets had been classified under TSUS item 206.97 as "Household utensils and parts thereof, all the foregoing not specially provided for, of wood: * * Other". The appellant claimed the merchandise should have been classified as "Furniture and parts thereof, not specially provided for: * * * Of wood: * * * Other: Furniture other than chairs" under TSUS item 727.35. In

discussing the relevant headnote, the Court of Customs and Patent Appeals approvingly quoted the Customs Court as follows:

* * * the headnote discussion of furniture was, on its face, intended to certify the inclusion of furniture which was permanently fastened to the premises, either on the floor *or on the walls,* as opposed to furniture which was movable at will. * * * [Emphasis added.] [476 F.2d 1356, 60 CCPA 129.]

F.Supp. 1129 (1969), *aff'd*, 436 F.2d 506, 58 CCPA 91, C.A.D. 1009 (1971). See also *J. E. Bernard & Co., Inc. v. United States*, 59 Cust.Ct. 31, 35, C.D. 3060 (1967).

On its face, item 727.55 is a basket provision—"Furniture, and parts thereof, *not specially provided for*". Furthermore, the U.S. Tariff Commission specifically declares that item 727.55 is a basket provision. *Tariff Classification Study*, Schedule 7, page 243 (1960).

In *Sankyodai Corp. v. United States*, 62 Cust.Ct. 630, C.D. 3837 (1969), the Court considered the classification of wooden seats imported for use in certain plastic boats manufactured here. The merchandise had been classified as parts of yachts; the claim was for furniture of wood, not specially provided for, other than chairs. The Court held that the furniture provision was "residual"—"It is *residual* because of the presence in the superior heading of a 'not specially provided for' clause." *Id.*, 633. According to the Court in an opinion by Judge Richardson:

> Since plaintiff has, at the very outset, conceded that the imported merchandise constitutes dedicated parts of a boat, and

since classification of such merchandise was made under a specific tariff provision for parts of yachts or pleasure boats in which category the involved parts fall, classification of this merchandise under a *residual* provision is preempted as a matter of law. *United States v. Lansen-Naeve Corp.*, 44 CCPA 31, C.A.D. 632 (1957). *Accord, Arthur J. Humphreys, Packard-Bell Electronics v. United States* [59 Cust.Ct. 231, C.D. 3128, 272 F.Supp. 951 (1967), *aff'd*, 56 CCPA 67, C.A.D. 956 (1969)], *supra.* * * * [Emphasis quoted. *Id.*, 633.][4]

Under the same reasoning, these BART seats should be classified as parts of rail vehicles or cars under TSUS item 690.40.

Plaintiff's motion for summary judgment is granted and defendant's cross-motion for summary judgment is denied.

4. The case of *Parts Manufacturing Associates, Inc. v. United States*, 73 Cust.Ct. 42, C.D. 4552 (1974), decided by the Customs Court, but not appealed is to be distinguished by the fact that the Court there pointed out at page 48 that the headnote defining "furniture" (headnote 1, subpart A, part 4, schedule 7) includes the word "aircraft", whereas it should be noted there is no mention therein of rail vehicles or cars. There has been no showing of any specific Congressional intent to include rail vehicles or cars under this headnote definition.