(C.R.D. 79–16)

DAVID E. PORTER, PLAINTIFF, *v.* UNITED STATES, DEFENDANT

Court No. 76–6–01448

[C.D. 4808 decided June 22, 1979; Cross-Appeals 79–30 and 80–1.]

(Dated December 7, 1979)

*Arter Hadden & Hemmendinger* (*Noel Hemmendinger* and *Barry E. Cohen* of counsel) for the plaintiff.

*Alice Daniel,* Assistant Attorney General (*Joseph I. Liebman,* Attorney in Charge, Field Office for Customs Litigation; *Madeline B. Kuflik,* trial attorney), for the defendant.

LANDIS, Judge: For the fourth time in less than six months, the Court is faced with a motion by plaintiff in *David E. Porter* v. *United States,* Court No. 76–6–01448, Cross-Appeals 79–30 and 80–1. On this occasion, plaintiff has moved for an order, pursuant to Customs Court Rule 13.1, to settle the record on appeal in this case. The defendant has deferred to the court's discretion.

As frequently happens, the question is essentially a simple one, but the parties, by their various pleadings, have complicated the issue.

A history of this case will be helpful.

In *David E. Porter* v. *United States,* 82 Cust. Ct. 259, C.D. 4808, 475 F. Supp. 688 (1979), in a decision dated June 22, 1979, on cross-motions for summary judgment, plaintiff's motion for summary judgment was granted and defendant's motion for summary judgment was denied.

The specific issue then was the classification of transverse rapid transit seats used exclusively in San Francisco Bay Area Rapid Transit (BART) rail vehicles. A full discussion of the competing tariff schedule item numbers involved and all the legal arguments appears in the decision in C.D. 4808. (It is noted, in view of plaintiff's argument given verbatim in the following paragraph here, that it is specifically stated in C.D. 4808 that "transverse seats are mounted at right angles to the direction of the vehicle's travel.") On August 15, 1979, the defendant filed an appeal of the decision to the U.S. Court of Customs and Patent Appeals, Appeal 79–30.

On August 7 1979, plaintiff moved, pursuant to Customs Court Rule 12.2, for an order amending the June 22, 1979 judgment entered in plaintiff's favor. The crux of plaintiff's argument appeared in one paragraph [Plaintiff's Motion To Amend Judgment, pp. 2, 3]:

> Upon review of the court's decision and the entry papers in this case, *counsel belatedly recognizes an oversight* in the merchandise described *in its summary judgment motion.* Although the merchandise embraced by the entries in litigation include transverse seats, window seats (both of which are mounted at a right angle to the direction of travel), and longitudinal seats (mounted in the direction of travel), *plaintiff's motion inadvertently addressed only the transverse seats. It should have included the window and longitudinal seats,* as these are similar in design to the transverse seats and are exclusively dedicated as parts of the BART rail vehicle. An affidavit of an official of Rohr Industries, the prime contractor for BART, attesting to these facts is attached. [Italic supplied.]

The defendant responded pursuant to rule 12.1(c), the court rule

dealing with responses to a motion for rehearing. However, the order of the court was simply to dismiss the motion to modify, which was plainly improper for many reasons. Had the court specifically sustained defendant's opposition instead of just dismissing plaintiff's motion to amend, the court could have been faced with what might be described as a labelling problem. Plaintiff had moved pursuant to rule 12.2(a) which concerns amendment of judgment due to "oversight". The defendant, as noted, answered under rule 12.1(c) dealing with responses to rehearing requests.

Of course, the "labelling" disagreement camouflaged a significant debate. If plaintiff's "oversight" label was correct, plaintiff's motion might have been timely because such "errors * * * arising from oversight * * * may be corrected by the court *at any time* * * * ." Rule 12.2(a), italic supplied. If the defendant's "rehearing" label was correct, plaintiff's motion was untimely, under both the following relevant statute and court rule.

The Statute (28 U.S.C. § 2639) provides:

> The judge who has rendered a judgment or order may, upon motion of a party or upon his own motion grant a retrial or a rehearing, as the case may be. A party's motion must be made or the judge's action on his own motion must be taken, not later than thirty days after entry of the judgment or order.

The rule, Customs Court Rule 12.1(a), provides:

> Form and Filing of Motions: All motions for rehearings or retrials must be in writing and filed with the clerk of the court at New York within 30 days from the entry of the judgment or order in the action in which rehearing or retrial is requested.

Thus, both the rule and statute require that a rehearing motion be filed not later than 30 days from the entry of judgment. Here judgment was entered on June 22, 1979. The plaintiff's motion was filed August 7, 1979, clearly not within the 30-day requirement.

According to the defendant, plaintiff's alleged "oversight" constituted false labeling. In its Opposition, the defendant argued:

> * * * The relief sought by plaintiff is for the court to broaden its decision in C.D. 4808 to include merchandise which was not included or considered in the original motion, even though plaintiff had the opportunity to seek adjudication of the classification of the other seats in the original motion. * * * The relief sought is more than the mere correction of a clerical error. It is a matter of substance affecting the substantial rights of the parties. * * * [Defendant's Opposition to Plaintiff's Motion to Amend Judgment, p. 2.]

The defendant relied heavily on *United States* v. *Torch Manufacturing Co., Inc.*, 62 CCPA 41, C.A.D. 1143, 509 F.2d 1187 (1975) and concluded that "this court lacks jurisdiction to reopen the judgment."

As above indicated, on September 13, 1979, the court issued the following order:

> Upon reading and filing plaintiff's motion to amend judgment, defendant's opposition thereto, and upon all other papers and proceedings had herein, it is hereby

> ORDERED that plaintiff's motion is DISMISSED.

Undaunted, the next day, September 14, 1979, plaintiff attempted to serve a "Motion for Partial, and Final, Summary Judgment." Plaintiff's papers were received by the clerk of the court on September 19, 1979, and the following day, they reached my chambers.

On September 25, I instructed the clerk to return these last papers as not within the contemplation of the court rules. The following day, September 26, 1979, the clerk mailed a "Notice of Rejection" stating the motion was "moot", and returned plaintiff's papers.

On October 4, 1979, plaintiff filed a cross-appeal with the Court of Customs and Patent Appeals, Appeal 80–1.

The aforementioned history forms the basis of plaintiff's present motion filed on November 1, 1979. The plaintiff has moved to settle the record, by incorporating in the record, the Clerk's Notice of Rejection. In other words, this entire case involves that single sheet of paper.

The defendant has deferred to the decision of the court, so obviously the easy course is simply to authorize the inclusion of the Clerk's Notice of Rejection in the record. Aside from the fact that this is the simplest resolution of this matter, there is something to be said generally for *inclusion* rather than *exclusion* from the record. Therefore, this is the course that has been chosen.

However, it should be noted that this order requested by plaintiff and being issued makes a matter of record plaintiff's motion to amend the June 22 decision, which motion was late, in fact 16 days late. There is no question but that plaintiff does not allege an "oversight" within the meaning of rule 12.2(a) dealing with "clerical mistakes." This rule doubtless refers to mistakes by the court in making up the record, not those of the litigants. Yet certainly, even if that is not the case, plaintiff's nonaction was not a "clerical mistake", within the meaning of the court rules. Thus, the order of September 13 was issued. It is also noted that ministerial records from the clerk usually are not included in the court record.

For these reasons, plaintiff's motion to thus settle the record is reluctantly granted and it is further ordered that the record as presently constituted, together with the Clerk's Notice of Rejection, be transmitted forthwith to the Clerk of the Court of Customs and Patent Appeals, pursuant to Customs Court Rule 13.1(c).