**David E. PORTER, Plaintiff,**

v.

**UNITED STATES, Defendant.**

C.D. 4857; Court No. 76–6–01448.

United States Customs Court.

May 21, 1980.

Arter Hadden & Hemmendinger, Washington, D. C. (Barry E. Cohen and Richard S. Green, Cleveland, Ohio, on memorandum), for plaintiff.

Alice Daniel, Asst. Atty. Gen., Washington, D. C., Joseph I. Liebman, Atty. in Charge, Field Office for Customs Litigation, New York City (Madeline B. Kuflik, New York City, on memorandum), for defendant.

LANDIS, Judge:

Pursuant to the *per curiam* Order of the Court of Customs and Patent Appeals remanding this cause to this Court to reconsider plaintiff's motion to amend judgment and for further proceedings, this Court has reconsidered plaintiff's said motion, previously dismissed, and adhered to its earlier ruling. On its own motion, in view of the defendant's recent memorandum filed March 28, 1980 stating in substance there are no differences for classification purposes in the seats therein involved and listed on plaintiff's invoices, the previous judgment of this Court in *Porter v. United States*, 82 Cust.Ct. 259, C.D. 4808, 475 F.Supp. 688 (1979), is now amended as stated herein and in the attached Order amend-

ing judgment. Further background for this opinion may be found in a customs rules decision with the same title, at 83 Cust.Ct. 166, C.R.D. 79–16 (1979).

Briefly restated, the facts are these: On June 22, 1979, on cross-motions for summary judgment, the Court concluded, in a written opinion and decision, that the merchandise in issue viz: "*transverse* rapid transit seats used exclusively in San Francisco Bay Area Rapid Transit (BART) rail vehicles," 82 Cust.Ct. at 260 (emphasis supplied), should be classified as parts of rail vehicles (TSUS item 690.40) rather than as furniture as classified by Customs (TSUS item 727.55).

Forty-six days after decision and judgment *and eight days prior to defendant's appeal*, to wit: on August 7, 1979, plaintiff moved, pursuant to Customs Court Rule 12.2 for an Order amending the June 22, 1979 judgment entered in plaintiff's favor. As this Court noted in C.R.D. 79–16, the crux of plaintiff's argument appeared in one paragraph:

> Upon review of the Court's decision and the entry papers in this case, *counsel belatedly recognizes an oversight* in the merchandise described *in its summary judgment motion.* Although the merchandise embraced by the entries in litigation include transverse seats, window seats (both of which are mounted at a right angle to the direction of travel), and longitudinal seats (mounted in the direction of travel), *plaintiff's motion inadvertently addressed only the transverse seats. It should have included the window and longitudinal seats, as these are similar in design* to the transverse seats and are exclusively dedicated as parts of the BART rail vehicle. * * * [Plaintiff's Motion to Amend Judgment, pages 2–3. Emphasis supplied.]

The defendant responded that the plaintiff's appellation of its motion, as a motion to amend judgment, was incorrect. In its Opposition, the defendant argued:

> * * * The relief sought by plaintiff is for the court to broaden its decision in C.D. 4808 to include merchandise which was not included or considered in the original motion, even though plaintiff had the opportunity to seek adjudication of the classification of the other seats in the original motion. * * * The relief sought is more than the mere correction of a clerical error. It is a matter of substance affecting the substantial rights of the parties. * * * " [Defendant's Opposition to Plaintiff's Motion to Amend Judgment, pages 2–3.]

Defendant urged that the plaintiff's motion actually constituted a motion for rehearing. So perceived, the motion would have to be dismissed as untimely since by statute, a rehearing in this Court must be sought not later than thirty days after entry of judgment. *See* 28 U.S.C. § 2639 and also Customs Court Rule 12.1(a), both of which are set out in C.R.D. 79–16. On September 13, 1979, this Court ordered that the plaintiff's motion be dismissed as it "was plainly improper for many reasons." *See* 83 Cust.Ct. at 169, C.R.D. 79–16.

Further procedural motions are detailed in C.R.D. 79–16; for present purposes, the next significant event occurred on October 4, 1979 when plaintiff cross-appealed to the Court of Customs and Patent Appeals (Appeal 80–1) seeking review of the September 13th Order.

On February 25, 1980, the Court of Customs and Patent Appeals entered the following *per curiam* Order:

> The Court has considered David E. Porter's Motion for Summary Reversal in Customs Appeal No. 80–1 and Motion to Dismiss Customs Appeal No. 79–30, the Government's Motion to Dismiss Customs Appeal No. 80–1, and the responses thereto.
>
> It appears from these papers that the judgment of the United States Customs Court dated June 22, 1979 (C.D. 4808), which Porter unsuccessfully sought to amend, and from which Customs Appeal No. 79–30 has been taken, adjudicates the classification of only a portion of the merchandise which is the subject of the protest and complaint filed by Porter. The protest and complaint are directed to

seats, or parts thereof, for rapid transit cars destined for use in the Bay Area Rapid Transit (BART) system. The judgment of June 22, 1979, appears to only cover transverse rapid transit seats. The subject entries apparently include transverse, longitudinal, and window seats. This Court does not recognize any substantive distinctions with regard to classification of a transverse seat versus a longitudinal or window seat as urged by the Government in its attempt to characterize the motion to amend an apparent error in the lower court judgment as a motion for rehearing.

Accordingly, these appeals are remanded to the United States Customs Court to reconsider Porter's Motion to Amend Judgment of June 22, 1979, which was dismissed on September 13, 1979, and for any further proceedings which may be deemed necessary consistent with this order.

This Court, then, is "to reconsider Porter's Motion to Amend Judgment of June 22, 1979."

Porter's motion was made pursuant to Customs Court Rule 12.2 which provides:

### RULE 12.2 AMENDMENT OF JUDGMENTS

(a) *Clerical Mistakes*: Clerical mistakes in judgments, orders, or other parts of the record, and errors therein arising from oversight or omission, may be corrected by the court at any time on its own initiative or on the motion of any party.

(b) *Mistakes; Inadvertence; Excusable Neglect*: On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for mistake, inadvertence, surprise, or excusable neglect.

(c) *Harmless Error*: No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for

vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. At every stage of the proceeding, the court shall disregard any error or defect which does not affect the substantial rights of the parties.

Plaintiff did not delineate before this Court which of the three subsections purportedly encompassed his motion. However, the "Harmless Error" subsection has not been argued and is inapplicable. Before the CCPA, plaintiff pressed 12.2(*a*) but urged 12.2(*b*) alternatively in a footnote.

No prior decision of this Court has interpreted either Rule 12.2(a) or (b). However, the first sentences of Federal Rules of Civil Procedure 60(a) and (b), from which Rules 12(a) and (b) were derived, are practically identical to this Court's rules and have been examined by the federal courts.

The relevant language from Federal Rule 60(a) is: "Clerical mistakes in judgments * * * and errors therein arising from oversight or omission may be corrected * * *." Cases interpreting this Rule demonstrate conclusively that there was no "clerical" error in this case.

At one time, Rule 60(a) was confined to errors by the clerk. So, in *West Virginia Oil & Gas Co., Inc. v. George E. Breece Lumber Co., Inc., et al.*, 213 F.2d 702, 705 (5th Cir. 1954), the Court wrote: "A clerical error is generally defined as an error made by a clerk in transcribing or otherwise." In 1967, Judge Bartels of the Eastern District of New York explained that "[t]he term 'clerical mistake' does not mean that it must be made by a clerk." *In re Merry Queen Transfer Corp.*, 266 F.Supp. 605, 607 (E.D.N.Y.1967). That opinion continues:

* * * The phrase merely describes the type of error identified with mistakes in transcription, alteration or omission of any papers and documents which are traditionally or customarily handled or controlled by clerks but which papers or documents may be handled by others. It is a type of mistake or omission mechanical in

nature which is apparent on the record and which does not involve a legal decision or judgment by an attorney. * * [*Id.*]

According to a recent District Court decision in Texas: "[i]t is well settled that clerical error specifically refers to error of transcription, copying, or calculation." *International Corporate Enterprises, Inc. v. Toshoku Ltd.*, 71 F.R.D. 215, 218 (N.D.Tex. 1976).

The crux of plaintiff's motion to amend judgment before this Court is set out above. In sum, plaintiff's motion stated that:

> * * * *counsel belatedly recognizes an oversight in the merchandise described in its summary judgment motion.* * * * *plaintiff's motion inadvertently addressed only the transverse seats.* [Plaintiff's Motion to Amend Judgment, page 2. Emphasis supplied.]

Obviously the difficulty was neither a clerical error nor one of this Court.

Yet before the Court of Customs and Patent Appeals, the entire basis for plaintiff's motion somehow was transformed. Now, Porter argues in his brief:

> *To correct the Court's technical misdescription of the seats* [emphasis supplied], on August 7, 1979 Porter moved under Customs Court Rule 12.2 to amend the Court's opinion to substitute the proper product description—"transverse, window and longitudinal seats"—for "transverse" seats. [Brief in Opposition to Motion to Dismiss Appeal No. 80–1, In Support of Motion to Dismiss Appeal No. 79–30, and for Reversal in Appeal No. 80–1 (hereinafter Plaintiff's First CCPA Brief), pages 5–6.]

Later in the same brief, plaintiff states:

> We believe that the facts make it abundantly clear that Porter's motion to amend was not a motion for rehearing but that it properly sought, under Customs Court Rule 12.2(a), *only to rectify a technical error arising from mere oversight or omission—to wit, an editorial misdescription in the court's opinion.* * *

[Plaintiff's First CCPA Brief, page 9. Emphasis supplied.]

Then plaintiff writes:

> Unfortunately, the Customs Court relied on one of Porter's references to "transverse seats" in writing its opinion. Porter's motion to amend the judgment merely sought to correct this editorial error. * * * [*Id.*, 11.]

Later, plaintiff insists the motion "was directed to a mere editorial matter."

At another point, plaintiff writes:

> * * * the motion merely seeks an editorial change in the court's opinion to clarify the description of the merchandise which the entries contain. [*Id.*, 14.]

(Note that by plaintiff's own admission the consumption entry papers contained no distinctions as to the seats. *Id.*, 5.) What the Customs Court must do is "make an appropriate technical correction to its opinion." *Id.*, 17. After all this, the matter has become a simple one for plaintiff: "All that is required is a correction of the record to make it 'speak the truth'." *Id.*, 14.

Somewhere between New York and Washington, the truth changed from "counsel belatedly recognizes [his personal] oversight" (in its motion) to "a technical error * * * in the court's opinion." Sometime between the motion to amend judgment here, on August 7, 1979, and Plaintiff's First CCPA Brief, filed December 17, 1979, what was "plaintiff's motion inadvertently addressed only [to] the transverse seats" became an "editorial error" by this Court.

Speaking the truth, there was no clerical technical misdescription mistake by this Court.

■ Since there was no mistake by this Court, plaintiff's motion only is tenable under Rule 12.2(b). The critical language there is that "the court *may* relieve a party or his legal representative" from a mistake. (Emphasis supplied.) Relief is discretionary.

Pursuant to the Court of Customs and Patent Appeals' Order, and exercising that discretion, the following Order was issued by this Court on March 10, 1980:

In furtherance of the February 25, 1980 *per curiam* order of the United States Court of Customs and Patent Appeals in this case, each party hereby is instructed to prepare a memorandum, with affidavits, concerning the following question: Are the characteristics of the longitudinal and window seats apparently involved in the subject entries different from, for the purpose of classification under the Tariff Schedules of the United States, the transverse seats considered in *Porter v. United States*, 82 Cust.Ct. 259, C.D. 4808, 475 F.Supp. 688 (1979)?

The memoranda and affidavits shall be filed with the clerk of this court on or before April 2, 1980.

The critical memorandum was filed by the defendant who wrote:

We have been advised by the United States Customs Service that the longitudinal and window seats are similar in design to the transverse seats. There are only minor design differences relating to the location of the seats within the BART rail vehicle.

Accordingly, for substantive classification purposes, there are no differences between the transverse seats which were the subject of this Court's decision in C.D. 4808, and the longitudinal and window seats which are listed on plaintiff's invoices. [Defendant's Memorandum, pages 1-2 (March 28, 1980).]

▮ *Now*, as the Government (the defendant) for the first time has conceded that there are no substantial distinctions with regard to classification of transverse seats versus longitudinal and window seats, listed on plaintiff's invoices, this Court accordingly amends its June 22, 1979 judgment to include said longitudinal and window seats.

Schedule

Port of San Diego

Protest No. 2501-5-000122

| Entry No. | Entry No. |
|-----------|-----------|
| 106229 | 104321 |
| 100385 | 104700 |
| 101327 | 104743 |
| 101328 | 105164 |
| 101452 | 100164 |
| 101463 | 100973 |
| 101827 | 101733 |
| 101864 | 101748 |
| 101956 | 102116 |
| 101988 | 102712 |
| 102002 | 103390 |
| 102050 | 103579 |
| 102475 | 103580 |
| 103551 | 103616 |
| 103718 | 104282 |
| 103798 | 104349 |
| 103821 | 104674 |
| 103822 | 104886 |
| 103823 | 104891 |
| 103958 | 105282 |
| 103975 | 105733 |
| 104116 | 105005 |
| 104223 | 100425 |
|  | 100502 |

## ORDER AMENDING JUDGMENT

Judgment entered on June 22, 1979 is now on the Court's own motion amended to include, as properly classifiable under TSUS item 690.40, window and longitudinal seats.