(Appeal No. 82–6)

THE UNITED STATES v. KYOCERA INTERNATIONAL, INC.

(681 F.2d 797)

United States Court of Customs and Patent Appeals, June 24, 1982,

*J. Paul McGrath,* Asst. Attorney General, *David M. Cohen,* Director, *Joseph I. Liebman,* Attorney-in-charge, and *Susan Handler-Menahem,* of New York City, attorneys for appellant.

*Stuart Lubitz* and *Wayne Willenberg,* of Los Angeles, CA, attorneys for appellee.

*Frederick L. Ikenson,* of Washington, D.C., attorney for amicus curiae.

[Oral argument on June 2, 1982 by *Susan Handler-Menahem* for appellant and *Wayne Willenberg* for appellee.]

Before MARKEY, *Chief Judge,* RICH, BALDWIN, MILLER, and NIES, *Associate Judges.*

BALDWIN, *Judge.*

This is an appeal from the judgment of the United States Court of International Trade, 2 CIT 91, 527 F. Supp. 337 (1981) sustaining appellee's claim that the imported "multilayer electronic parts" were improperly classified as "other electrical apparatus * * * for the protection of electrical circuits, or for making connections to or in electrical circuits" under item 685.90, Tariff Schedules of the United States (TSUS), and were correctly classifiable as "other related electronic crystal components" under item 687.60, TSUS. We affirm.

OPINION

We agree with the more realistic concept of the common meaning of "protection" in item 685.90, TSUS used by the court below

and with its conclusion that appellee's imported goods do not provide that type of protection, i.e., protection of circuits from electrical overloads, surges, and other electrical faults during abnormal situations.

■ Even though the meanings of the terms "protection" and "connections" in item 685.90, TSUS may appear clear superficially, they contribute little to our understanding of whether Congress intended to include the imported goods under that item either as "other electrical apparatus * * * for protection of electrical circuits" or as "other electrical apparatus * * * for making connections to or in electrical circuits." Thus the court below was proper in reviewing legislative history to determine the intended scope of item 685.90, TSUS. *Nippon Kogaku (USA), Inc.* v. *United States,* 69 CCPA 89, 673 F. 2d 380 (1982).

After a thorough consideration of the record, briefs,[1] and oral argument, we find no reversible error in the decision and opinion of the court below that the imported goods were correctly classifiable in item 687.60, TSUS. Accordingly, we *affirm* the judgment of the lower court and adopt its opinion as our own.

NIES, *Judge,* with whom MILLER, J., joins, concurring.

I would agree with the majority to adopt the opinion of the Court of International Trade except for the lower court's denomination of the *Explanatory Notes to the Brussels Nomenclature* (1955) as "legislative history," which it viewed as controlling with respect to the intent of Congress in adopting the subject language. Rather, as the court below also stated, the *Brussels Nomenclature* is "an aid to interpreting" provisions of the TSUS where there is a "close similarity in the wording of the provisions." *United States* v. *Abbey Rents,* 66 CCPA 2, 4, C.A.D. 1213, 585 F. 2d 501, 504, n.5 (1978) (Baldwin, J.). Characterization as "legislative history" was unnecessary and it appears to me that the court gave greater weight to that "aid" than I believe is appropriate although the result here is correct.

---

[1] The briefs included one filed by Texas Instruments Incorporated as *amicus curiae* supporting the position of appellee.