Slip Op. 05-20

# UNITED STATES COURT OF INTERNATIONAL TRADE
## BEFORE: CARMAN, JUDGE

|  |  |  |
|---|---|---|
| CHURCH & DWIGHT CO., INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Court No. 02-00763 |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |

[Upon consideration of motion papers regarding Defendant's motion for relief from judgment, Defendant's motion is denied. Defendant is hereby ordered to pay to Plaintiff the outstanding balance of duty refund pursuant to their Stipulated Judgment, plus any interest as may be required by law.]

*Hogan & Hartson, LLP* (*Lewis E. Leibowitz, William D. Nussbaum*), Washington, D.C., for Plaintiff.

*Peter D. Keisler*, Assistant Attorney General, U.S. Department of Justice; *Barbara S. Williams*, Attorney-in-Charge, International Trade Field Office, U.S. Department of Justice; *Bruce N. Stratvert*, Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice; *Beth C. Brotman*, Of Counsel, U.S. Customs and Border Protection, for Defendant.

Dated: February 8, 2005

## OPINION

**CARMAN, JUDGE:** Defendant United States moves for relief from judgment under USCIT R. 60(a)-(b). Defendant requests relief from the Stipulated Judgment on Agreed Statement of Facts by either modifying or vacating the judgment. (*See Church & Dwight Co., Inc. v. United States*, Court No. 02-00763, Stipulated J. on Agreed Statement of Facts (July 15, 2004) ("Stipulated Judgment").) Pursuant to the parties' Stipulated Judgment, this action was decided

on July 15, 2004, and the Clerk of the Court entered final judgment. This Court denies

Defendant's motion from relief from judgment.

## BACKGROUND

This matter involves the classification and duty rate for palm fatty acids distillate

("PFAD") imported by Church & Dwight Co., Inc. ("Church & Dwight") from 1997 through

2002. The United States Customs Service, now the United States Bureau of Customs and Border

Protection ("Customs"), classified the subject merchandise under tariff provision 3824.90.40 of

the Harmonized Tariff Schedule of the United States ("HTSUS"), subject to duty at 4.6% *ad

valorem*. In 2002 and 2003, Church & Dwight timely protested Customs' classification of the

subject merchandise, claiming that the proper classification was the duty free tariff provision

HTSUS 1511.90.00. When Customs denied the protests, Church & Dwight timely commenced

an action in this Court. In subsequent negotiations during 2003 and 2004, the parties agreed that

the proper classification for the subject merchandise was HTSUS tariff provision 3823.19.20,

subject to duty at 2.3% *ad valorem*.[1]

On July 7, 2004, parties filed the Stipulated Judgment. On July 15, 2004, this Court

ordered this action decided, and the Clerk of the Court entered final judgment. On November 17,

2004, Plaintiff wrote a letter to this Court complaining of Defendant's noncompliance with the

Stipulated Judgment. Although Customs has partially paid the duty refund to Plaintiff,

Defendant disputes the full amount owed for the reliquidated entries. Plaintiff contends that the

---

[1] This Court notes that the subject merchandise was entered into the customs territory of
the United States during the years from 1997 through 2002. The tariff provisions at issue did not
change during this period, but the duty rates varied for HTSUS tariff provision 3823.19.20, with
a 2.3% duty rate for the years from 2000 to 2002.

Stipulated Judgment unambiguously states that the subject merchandise is to be reliquidated "at the rate of 2.3% *ad valorem.*" Defendant claims it intended the language to read "at the rate in effect at the time of entry." On November 23, 2004, this Court convened an in-chambers conference to discuss the dispute. Thereafter, Defendant moved for relief from judgment pursuant USCIT R. 60. Plaintiff opposed this motion. In their motion papers, the parties agree that the amount in dispute is $101,436.68, not including interest.

## DISCUSSION

This matter comes before this Court because a dispute has arisen between the parties regarding the performance of their Stipulated Judgment. This Court notes that the final judgment was ordered on July 15, 2004, but this dispute was not brought to the attention of this Court until four months later. Although Defendant subsequently moved for relief from judgment, it was the Plaintiff that requested this Court's guidance on how to proceed in light of Defendant's noncompliance and instigated the in-chambers conference to resolve the dispute.

Courts look favorably upon stipulations, where parties negotiate and come to an agreement on their own terms. *See Hemstreet v. Spiegel, Inc.*, 851 F.2d 348, 350 (Fed. Cir. 1988) ("The law strongly favors settlement of litigation, and there is a compelling public interest and policy in upholding and enforcing settlement agreements voluntarily entered into.") (citation omitted). This Stipulated Judgment was negotiated, approved, signed and submitted by opposing parties. This Court then ordered this action decided on July 15, 2004, and the Clerk of the Court entered final judgment. This Court holds that if a party were able to unilaterally disavow a stipulated judgment of agreed statement of facts, which was entered into in good faith, the public policy underlying negotiated agreements would be undermined.

The provision at issue is paragraph 4 of the Stipulated Judgment: "The parties agree that the imported merchandise is classifiable as '[i]ndustrial monocarboxylic fatty acids; acid oils from refining:... Other:... Derived from coconut, palm-kernel oil' under sub-heading 3823.19.20, HTSUS at the rate of 2.3% *ad valorem*."

This statement plainly and ordinarily means that the subject merchandise will be reliquidated at the rate of 2.3% *ad valorem* for all entries included in this case. Although both parties negotiated drafts and signed the final stipulation, Defendant contends "[i]t was never Customs' intention, however, to agree to a duty rate other than the general duty rates in effect for subheading 3823.20, HTSUS, *at the time that the subject entries were filed*." (Def.'s Mem. in Supp. of Its Mot. for Relief from J. ("Def.'s Mot.") at 2 (emphasis added) (citing Decl. of Beth C. Brotman ("Brotman Decl." ) at ¶ 4).) Defendant contends that it erroneously or mistakenly did not include the provision "at the time the subject entries were filed" as intended. Grounded in its contention that this is a remedial mistake or error, Defendant claims relief from judgment pursuant USCIT R. 60 or unilateral mistake pursuant to principles of contract law. (Def.'s Reply Br. in Supp. of Mot. for Relief from J. and in Opp'n to Pl.'s Resp. ("Def.'s Reply Br.") at 8.)

**A.     USCIT R. 60**

Defendant contends it committed unintended error, mistake, inadvertent mistake, excusable neglect and mistake under USCIT R. 60(a) and (b). (Def.'s Mot. at 8 n. 5, 9, 10.) USCIT R. 60(a) and (b) allow discretionary relief from a judgment or order:

> (a) Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on motion of any party and after such notice, if any, as the court orders....

> (b) On motion of a party or upon its own initiative and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect;... (4) the judgment is void;... or (6) any other reason justifying relief from the operation of the judgment....

An examination of the case law interpreting Fed. R. Civ. P. 60(a) lends guidance to the definition and scope of "clerical mistake."[2] No longer literally read as a mistake confined to a clerk, this phrase now "merely describes the type of error identified with mistakes in transcription, alteration or omission of any papers and documents which are traditionally or customarily handled or controlled by clerks but which papers or documents may be handled by others." *Porter v. United States,* 84 Cust. Ct. 191, 194, C.D. 4857, 493 F. Supp. 591, 593 (1980) (citing *In re Merry Queen Transfer Corp. v. O'Rourke*, 266 F. Supp. 605, 607 (E.D.N.Y. 1967)). *Merry Queen* offers further guidance on the applicability of subsections Rule 60(a) and (b) by explaining that a "clerical mistake under Rule 60(a) may be differentiated from the mistake or inadvertence referred to in Rule 60(b)(1), upon the ground that the latter applies primarily to errors or omissions committed by an attorney or by the court which are not apparent on the record." *Merry Queen*, 266 F. Supp. at 607 (citation omitted); *see also Porter*, 84 Cust. Ct. at 194 ("It is well settled that a clerical error specifically refers to error of transcription, copying or calculation.") (citation omitted). In the present case, Defendant admits attorney error, not clerk-type error; therefore, subsection (a) is inapplicable. Accordingly, relief from the alleged attorney mistake in this case must be sought under subsection (b).

---

[2] USCIT R. 60 is modeled after Fed. R. Civ. P. 60. Since they are substantially similar, Fed. R. Civ. P. 60 case law provides guidance in interpreting the application of the USCIT R. 60.

The moving party has the burden to present facts sufficient to demonstrate mistake, inadvertence, surprise or excusable neglect under USCIT R. 60(b)(1). *See Washington Int'l Ins. Co. v. United States*, 16 CIT 480, 483, 793 F. Supp. 1091, 1093 (1992). This Court will then determine, based on specific facts presented to it, whether there exists mistake, inadvertence, surprise or excusable neglect sufficient to grant relief under Rule 60(b). *Id.* The record reflects that both Defendant and Customs had experienced counsel reading, commenting and approving the negotiated drafts of the Stipulated Judgment. Customs' counsel approved the language of paragraph 4 of the Stipulated Judgment. (Brotman Decl. ¶ 2, 4; *see also* Letter from Stratvert to Nussbaum of 3/17/04, at 2.) In fact, Customs' counsel admits in her declaration that she "overlooked the fact that paragraph 4 [] indicated that the goods were to be classified under subheading 3823.19.20 *at the rate of 2.3%*" (emphasis original) and once she "determined (erroneously) that this paragraph did not need to be changed, [she] did not consider the paragraph any further." (Brotman Decl. ¶ 3.) Defendant's counsel also admits that "[t]here were a number of iterations to this process leading up to the final version of the Stipulated Judgment as filed with the Court by the parties" (Def.'s Mot. at 2), where Defendant's counsel made extensive comments to drafts and also approved the final version of the Stipulated Judgment (Def.'s Reply Br. at 6). This Court observes that Defendant's assertion that it somehow overlooked the plain language of paragraph 4, which states that the subject merchandise was to be reliquidated at a rate of 2.3%, is either disingenuous or amounts to carelessness.

This Court has found that "[n]either ignorance nor carelessness on the part of a litigant or his attorney provides grounds for relief under Rule 60(b)(1)." *Napp Systems, Inc. v. United States,* 22 CIT 1106, 1107 (1998) (citing *Avon Products, Inc. v. United States*, 13 CIT 670, 672

(1989) (citations omitted)); *see also Sutherland v. ITT Continental Baking Co.*, 710 F.2d 473, 476-77 (8th Cir. 1983) ("Rule 60(b) has never been a vehicle for relief because of an attorney's incompetence or carelessness."). Negligence is also not a ground for relief under Rule 60(b)(1). *See Greenspahn v. Joseph E. Seagram & Sons, Inc.*, 186 F.2d 616, 619 (2d Cir. 1951) ("[I]f the defendant was guilty of gross carelessness in making the mistake, his negligence will dispose the court not to exercise its discretion in his favor [under Rule 60(b)(1)]."). This Court finds that Defendant's attorneys' actions of overlooking a mistake in numerous iterations of a written agreement amount to carelessness, which is insufficient for relief under USCIT R. 60(b)(1). Accordingly, this Court also finds this carelessness bars relief under the alternative grounds found in USCIT R. 60(b)(4) and (6). In the absence of finding an enumerated ground for relief under USCIT R. 60, this Court holds that Defendant should not be granted relief from judgment.

**B.     Contract Law**

This Court holds that the Stipulated Judgment is an enforceable agreement governed by contract law.[3] *See Anita's New Mexico Style Mexican Food, Inc. v. Anita's Mexican Foods Corp.*, 201 F.3d 314, 319 (4th Cir. 2000) ("Because a stipulated judgment is analogous to a consent order or decree, it is also treated as a contract for the purposes of enforcement sought here."). Defendant contends unilateral mistake under principles of contract law. (Def.'s Reply Br. at 8.) Plaintiff agrees that the Stipulated Judgment is governed by principles of contract law but argues that unambiguous terms are accorded their ordinary meaning in contract law. (Pl.'s

---

[3] Since this Court holds that this Stipulated Judgment is an enforceable contract and Defendant acknowledges its authority to sign a stipulated judgment, this Court will not permit Defendant to subsequently assert that it lacked authority by simply trying to fashion the agreement as a "settlement compromise."

Mem. in Opp'n to Def.'s Mot. for Relief from J. ("Pl.'s Opp'n") at 6.)   A unilateral mistake is

only remedial if the mistaken party can show that the mistake "has a material effect on the agreed

exchange of performances" and either "(a) the effect of the mistake is such that enforcement of

the contract would be unconscionable, or (b) the other party had reason to know of the mistake or

his fault caused the mistake."  Restatement (Second) of Contracts § 153 (1981).  The record does

not support a finding of unconscionable behavior by the Plaintiff or that the Plaintiff had reason

to know of Defendant's mistake or Plaintiff's fault caused Defendant's mistake regarding

paragraph 4.  On the contrary, the record reflects that throughout a series of drafts negotiated

between parties, Defendant approved the draft language of paragraph 4 as the final language,

only commenting that the paragraph was misnumbered.  (Letter from Stratvert to Nussbaum of

3/17/04, at 2.)

A basic tenet of contract law is that unambiguous terms, absent fraud or duress, are given

their ordinary meaning.  *See King v. Dept. of the Navy*, 130 F.3d 1031, 1033 (Fed. Cir. 1997);

*Torres v. Walker*, 356 F.3d 238, 245 (2d Cir. 2004) ("If a contract is clear, courts must take care

not to alter or go beyond the express terms of the agreement, or to impose obligations on the

parties that are mandated by the unambiguous terms of the agreement itself.") (citation omitted);

*McCarthy v. Am. Int'l Group, Inc.*, 283 F.3d 121, 124 (2d Cir. 2002) ("Unambiguous terms are to

be given their plain and ordinary meaning....") (citations omitted); *Assicurazioni Generali S.p.A.*

*v. Black & Veatch Corp.,* 362 F.3d 1108, 1116-17 (8th Cir. 2004) ("The enforcement of contracts

according to their unambiguous terms, however, serves an important purpose in the law....

Where an agreement is clear, the parties are entitled to rely on an expectation that it will be

enforced as written."); *United States v. Bielak*, 660 F. Supp. 818, 826 (N.D. In. 1987) ("One of

the basic precepts of contract law is that a contract must give effect to the clear and unambiguous terms of a contract when construing it.") (citations omitted). There is no claim of fraud or duress in the record.

This Court holds that contract principles bar Defendant from attempting to create ambiguity where none exists. *See Torres*, 356 F.3d at 245 ("A party cannot create an ambiguity in an otherwise plain agreement merely by urg[ing] different interpretations....") (citations omitted). In *Torres*, the Second Circuit found that "the language of the stipulation plainly and unambiguously provided for the payment of [] attorneys' fees." *Torres*, 356 F.3d at 245. Paragraph 4 states that "[t]he parties agree that the imported merchandise is classifiable... under sub-heading 3823.19.20, HTSUS at the rate of 2.3% *ad valorem*." This Court, as in *Torres*, finds that the language of the Stipulated Judgment is plain and unambiguous. Accordingly, Plaintiff is entitled to the full amount of the duty refund as stated in paragraph 4, which the parties agree is $101,436.68 in compliance with the terms of the Stipulated Judgment, plus any interest as may be required by law.

### CONCLUSION

For the aforementioned reasons, Defendant's motion for relief from judgment is denied. Accordingly, Defendant is ordered to pay to Plaintiff the outstanding balance due pursuant to the Stipulated Judgment, plus any interest as may be required by law.

  /s/ Gregory W. Carman  
Gregory W. Carman  
Judge

Dated: February 8, 2005  
New York, New York