FIRST NATIONAL BANK IN GREENWICH and William S. Hirschberg, as Executors of the Estate of Eben F. Putnam, deceased, and First National Bank In Greenwich as administrator c.t.a. of the Estate of Frenelia Lillian Putnam, deceased, Plaintiffs,

v.

NATIONAL AIRLINES, INCORPORATED, and Douglas Aircraft Company, Inc., Defendants.

Samuel KESSLER, as Administrator de bonis non of the Estate of Rodma Lewis Osman, deceased, Plaintiff,

v.

NATIONAL AIRLINES, INCORPORATED, and Douglas Aircraft Company, Inc., Defendants.

United States District Court
S. D. New York.
Nov. 5, 1958.

---

See also 22 F.R.D. 46.

Theodore E. Wolcott, New York City, for plaintiffs.

Bigham, Englar, Jones & Houston, New York City, John G. Reilly, Robert F. Ewald, New York City, of counsel, for defendant National Airlines.

Haight, Gardner, Poor & Havens, New York City, William J. Junkerman, New York City, of counsel, for defendant Douglas Aircraft.

LEVET, District Judge.

Defendant Douglas Aircraft Company, Inc., by notice of motion served on October 28, 1958, has moved to amend the judgments entered on October 23, 1958, by adding to the directive part thereof the words, "with costs to the defend-ants." The judgments submitted by the defendant Douglas Aircraft Company, Inc., on October 23, 1958, did not provide for costs; neither did they provide that the same should be without costs. No reference to the question of costs was made by counsel for any of the parties or by the court on the settlement of the judgment.

Rule 54(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides as follows:

"(d) Costs. Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court."

Title 28 U.S.C.A. § 1919 provides as follows:

"District courts; dismissal for lack of jurisdiction.

"Whenever any action or suit is dismissed in any district court for want of jurisdiction, such court may order the payment of just costs."

This section was not called to the attention of the court by any of the attorneys at the time of the submission of these judgments and consequently this court did not pass upon the discretionary provision of Section 1919 above mentioned.

Rule 60(a) of the Federal Rules of Civil Procedure is as follows:

"(a) Clerical Mistakes. Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the

court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court."

■ This subdivision grants relief from not only clerical mistakes in judgments, but from errors therein arising from oversight or omission and permits the correction to be made on motion of any party. The section likewise permits correction after an appeal but before the appeal is docketed in the appellate court, which is the situation in this instance.

Rule 59(e) of the Federal Rules of Civil Procedure provides:

"(e) Motion to Alter or Amend a Judgment. A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment."

As stated by Moore, Rule 60(a) of the Federal Rules of Civil Procedure was patterned upon Equity Rule 72. 6 Moore's Federal Practice, p. 4035. Equity Rule 72 had provided as follows:

"Clerical mistakes in decrees or decretal orders, or errors arising from any accidental slip or omission, may, at any time before the close of the term at which final decree is rendered, be corrected by order of the court or a judgment thereof, upon petition, without the form or expense of a rehearing." 6 Moore's Federal Practice, p. 4041.

Moore further states:

"The errors envisioned by Rule 60(a) cover such things as misprisions, oversights and omissions, unintended acts or failures to act. * * *" 6 Moore's Federal Practice, p. 4042.

The record referred to in Rule 60(a) includes the judgment. 6 Moore's Federal Practice, p. 4043.

■ This court has considered the discretionary power vested in it by reason of Title 28 U.S.C.A. § 1919 and·in the exercise of such discretion grants the said motions. See Rigopoulos v. Kervan, D.C. S.D.N.Y., 1943, 53 F.Supp. 829.

The orders herein shall provide for insertion nunc pro tunc of the words "with costs to the defendants."

Settle orders on notice.