In the Matter of The Petition of MERRY QUEEN TRANSFER CORP., as owner of the TANKSHIP VAL-T for exoneration from or limitation of liability.

MERRY QUEEN TRANSFER CORP., Petitioner-Appellee and Cross-Appellant,

v.

Amelia O'ROURKE, Claimant-Appellant,

Katherine O'Rourke, Claimant and Cross-Appellee.

No. 20622.

United States District Court
E. D. New York.
April 5, 1967.

Hill, Betts, Yamaoka, Freehill & Longcope, New York City, for petitioner; Edwin Longcope, Constantine P. Georgiopoulos, New York City, of counsel.

O'Dwyer & Bernstien, New York City, for claimant infant children; Howard N. Meyer, New York City, of counsel.

BARTELS, District Judge.

In this proceeding the petitioner sought to exonerate or limit its liability as owner of the tankship Val-T by reason of a claim for the wrongful death of Thomas P. O'Rourke, who was killed in a collision when the petitioner's vessel struck a water taxi in charge of the decedent. The claimants, infant children of the deceased, obtained a final decree in their favor under the New York wrongful death statute (Section 132 of the Decedent Estate Law, McKinney's Consol.Laws, c. 13). However, in entering the final decree on November 16, 1965, the claimants and the Clerk failed to add interest to the judgment although the last sentence of the statute expressly provides: "Interest upon the principal sum recovered by the plaintiff, from the date of the decedent's death, shall be added to and be a part of the total sum awarded." Not until after the claimants prevailed in the Court of Appeals, 2 Cir., 370 F.2d 781 over thirteen months later did they discover this omission.

Claimants now move under Rule 60(a) and (b), Fed.Rules Civ.Proc., 28 U.S.C.A.,[1] for an order to correct the

1. The pertinent portions of Rule 60(a) and (b) read as follows:

(a) "Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders."

(b) "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken."

error by amending the final decree to include interest on the awards from the date of the decedent's death. Petitioner resists this application upon the grounds that (i) the claimants waived interest, (ii) the motion is untimely, and (iii) if interest is allowable, it should not be computed at a rate higher than 4% per annum. Objections (i) and (iii) above are without merit and must be dismissed as frivolous. The essential question remaining is the authority of this Court at this late date to amend the decree.

Petitioner claims that subsection (a) of Rule 60 is not applicable to this case and that the term "clerical error" means "an error made by a clerk in transcribing or otherwise", citing Marsh v. Nichols, Shepherd & Co., 1888, 128 U.S. 605, 9 S.Ct. 168, 32 L.Ed. 538; West Virginia Oil & Gas Co. v. George E. Breece Lbr. Co., 5 Cir. 1954, 213 F.2d 702, 705. It further contends that relief is not available under Rule 60(b) because under clauses (1), (2) and (3) an application for such relief must be made within one year, which has already expired, and that clause (6), permitting relief for "any other reason justifying relief from the operation of the judgment", cannot be invoked if the grounds for relief fall within clauses (1), (2) and (3), which it claims is the fact in this case. See, Klapprott v. United States, 1949, 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266; United States v. Karahalias, 2 Cir. 1953, 205 F.2d 331 (rehearing); Davis v. Wadsworth Construction Company, E.D.Pa. 1961, 27 F.R.D. 1.

If any relief is to be granted to the claimants under Rule 60 it must be under subsection (a). This in turn depends upon the definition of "clerical mistake". The term "clerical mistake" does not mean that it must be made by a clerk. The phrase merely describes the type of error identified with mistakes in transcription, alteration or omission of any papers and documents which are traditionally or customarily handled or controlled by clerks but which papers or documents may be handled by others. It is a type of mistake or omission mechanical in nature which is apparent on the record and which does not involve a legal decision or judgment by an attorney. The clerical mistake under Rule 60(a) may be differentiated from the mistake or inadvertence referred to in Rule 60(b) (1), upon the ground that the latter applies primarily to errors or omissions committed by an attorney or by the court which are not apparent on the record. See, 7 Moore, Federal Practice, ¶60.22[2] at 230 (2d Ed.). The mandate of the statute in this case that interest "shall be added" is apparent on the record and must be enforced by this Court. Circle Line Sightseeing Yachts, Inc. v. Storbeck, 2 Cir. 1963, 325 F.2d 338. Before the amendment in 1962 Section 132 of the New York Decedent Estate Law specifically provided that "* * * the clerk must add to the sum so awarded, interest thereupon from the decedent's death, and include it in the judgment." The purpose of this last amendment was not to change the mechanical nature of the imperative to add interest to the award.[2]

The Court concludes that interest in this case was a matter of right and the failure to include the same in the judgment was a clerical mistake arising from an omission which under Rule 60(a) "may be corrected by the court at any time of its own initiative or on the motion of any party * * *." Rigopoulos v. Kervan, S.D.N.Y.1943, 53 F.Supp. 829; First National Bank in Greenwich v. National Airlines, Inc., S.D.N.Y.1958, 167 F.Supp. 167; cf., Flamm v. Noble, 1947, 296 N.Y. 262, 268, 72 N.E.2d 886, 171 A.L.R. 812; McLaughlin v. Brinckerhoff, 1928, 222 App.Div. 458, 226 N.Y.S. 623.

Another reason exists for granting relief to the claimants which was not mentioned by the parties. The Federal Rules of Civil Procedure as recently

2. Compare, CPLR § 5001, requiring the Clerk to add interest to the award in certain other actions.

**608**

amended were made applicable to the procedure in admiralty and maritime actions on July 1, 1966, while this action was still pending. In fixing July 1, 1966 as the applicable date, the Supreme Court by its order (86 S.Ct. 211, subdivision 2 of Order) expressly provided that the rules need not be applied to pending actions if injustice would result by so doing. By invoking this option the Court in this case may and does resort to its pre-existing inherent power as a court of admiralty to correct an injustice resulting from an erroneous decree entered through accident, oversight or mistake, even after the expiration of the term. See, The Melissa Trask, D.Mass. 1923, 285 F. 781; 3 Benedict, American Admiralty, § 420 at 193 (6th Ed., 1940).

Claimants also move to make the judgment of the Court of Appeals the judgment and decree of this Court. Both motions are hereby granted and the decree is ordered to be corrected accordingly.