In re J & J RECORD DISTRIBUTING CORP. (jointly administered with Record Museum, Inc., a Pennsylvania Corporation, #80–03294K, and Record Museum, Inc., a Delaware Corporation, #80–03296K and Record Museum, Inc., a New Jersey Corporation, #80–03295K), Debtor.

TICKETRON, DIVISION OF CONTROL DATA CORPORATION, Plaintiff,

v.

RECORD MUSEUM, INC. (A New Jersey Corporation), Defendant.

Bankruptcy No. 80–03255K.
Adv. No. 81–0228K.

United States Bankruptcy Court,
E. D. Pennsylvania.

Sept. 28, 1981.

Jonathan H. Ganz, Philadelphia, Pa., for trustee/defendant.

Jeffrey L. Pettit, Philadelphia, Pa., for plaintiff.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

This case arises on a motion to reopen judgment filed by counsel for the debtor. An Order granting judgment by default in favor of the plaintiff was never entered by the Court. In order to consider the case in its proper posture, the Court has entered an Order granting judgment by default. This Order resolves the procedural Gordian knot into which the case was tangled. Upon hearing and consideration of memoranda of law, the Court finds that the motion to reopen judgment should be denied.[1]

The salient facts are as follows. A complaint to modify the automatic stay was filed on March 11, 1981. No answer was filed before the expiration of the answer date; nor has an answer been filed to this day. On the trial date, April 9, 1981, counsel for the plaintiff requested that judgment by default be entered against the debtor. Such an Order was never entered by the Court because counsel for the plaintiff never supplied the requisite form of Order. On May 7, 1981, counsel for the debtor filed a motion to reopen judgment. Hearing on this motion was duly held on July 22, 1981.

This entire action has proceeded on the assumption that judgment by default was entered. Such is not the case. Apparently neither attorney examined the docket to discover this fact. The Court has entered an Order granting judgment by default in favor of the plaintiff in order that the case can be considered in its proper posture.

The Court now turns to the issue of whether judgment should be opened. Counsel for the debtor alleges that an answer to the plaintiff's complaint was prepared in his office. Through secretarial error, however, this answer was never filed with the Clerk of the Bankruptcy Court. As previously mentioned, this answer has yet to be filed.

Fed.R.Civ.Pro. 60(b) lists six (6) reasons for which the Court may grant relief from the judgment or order.[2] Excusable neglect, as provided in Rule 60(b)(1) is the sole ground for relief that has been raised in this case.

Counsel for the debtor asserts that secretarial error should constitute excusable neglect. The Court is not directed to any authority to support this position. The memorandum of law submitted by counsel for the debtor provides the Court with sound statements of the law. This authority, however, is not related to the instant case.

No authority is cited which supports the proposition that negligence of counsel or his office staff will meet the standard for relief. Cases to which the Court's attention has been directed involve errors or omissions of third parties that resulted in prejudice to the party requesting relief. *See, e. g., In re Merry Queen Transfer Corp.,* 266 F.Supp. 605 (E.D.N.Y.1967) (clerical mistake in office of Clerk of Court); *Medunic v. Lederer,* 533 F.2d 891 (3d Cir. 1976) (failure of defendant's insurance carrier to file a timely pleading); *Radack v. Norwegian America Line Agency, Inc.,* 318 F.2d 538 (2d Cir. 1963) (lack of notice of entry of judgment).

---

1. This Opinion constitutes findings of fact and conclusions of law as required by Bankruptcy Rule 752.

2. Bankruptcy Rule 924 incorporates Rule 60 of the Federal Rules of Civil Procedure.

Therefore, the Court finds that excusable neglect has not been shown. The motion to reopen judgment will be denied.