**UNITED STATES of America, Plaintiff,**

v.

**Harvey FAULKNER, Defendant.**

**No. 87 C 1004.**

United States District Court,
N.D. Illinois, E.D.

March 4, 1988.

Anton R. Valukas, U.S. Atty. by Frederick H. Branding, Asst. U.S. Atty., Chicago, Ill., Gerard A. Brost, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for plaintiff.

George Sangmeister, Frankfort, Ill., for defendant.

ORDER

BUA, District Judge.

This court declines to adopt the magistrate's report and recommendation of February 4, 1988. The Government's motion pursuant to Fed.R.Civ.P. 60 is granted.

The Government sued defendant Harvey Faulkner to recover overdue estate taxes. On April 2, 1987, this court entered judgment against Faulkner in the amount of $16,627.68. The court's order made no reference to prejudgment interest. The Government now seeks correction of the judgment under Rule 60(a), contending that the omission of interest from the judgment was a "clerical mistake." Magistrate Elaine Bucklo has recommended that the Government's motion be denied.

In the absence of a Seventh Circuit ruling on the precise issue raised by the case at bar, the magistrate based her assessment of the Government's motion on the Second Circuit's analysis in *Lee v. Joseph E. Seagram & Sons, Inc.*, 592 F.2d 39 (2d Cir.1979). The *Lee* court carefully distinguished between a "mandatory" award of interest (which is remediable under Rule 60(a)) and an interest assessment "as of right" (which is not). The magistrate's analysis of the Government's motion proceeded on the assumption that the Government was seeking interest "as of right." This assumption is incorrect. Not only is the Government entitled to prejudgment interest in this case; the Internal Revenue Code mandates such an award. 26 U.S.C. § 6601 (1982) (prejudgment interest on back taxes "shall be paid" from the date when taxes were originally due). Moreover, this court has no discretion to alter the amount of interest to which the Government is statutorily entitled. *See Johnson v. United States*, 602 F.2d 734

(6th Cir.1979). When a statute mandates and defines an award of interest, the omission of such interest from a judgment order is exactly the sort of mistake that Rule 60(a) was designed to correct—"a type of mistake or omission mechanical in nature which is apparent on the record and which does not involve a legal decision or judgment by an attorney." *In re Merry Queen Transfer Corp.*, 266 F.Supp. 605, 607 (E.D. N.Y.1967) (cited approvingly by the Seventh Circuit in *United States v. Kenner*, 455 F.2d 1, 6 (7th Cir.1972)). Consequently, this court declines to adopt the magistrate's recommendation of February 4, 1988. The Government's Rule 60 motion is granted. This court's judgment order of April 2, 1987 shall be amended to include the words "plus additions as allowed by law."