OPINION
On January 22, 1997, appellant, Lance Hill, filed a complaint against appellee, Anthony Orender, for damages and personal injuries sustained as a result of an automobile accident on January 8, 1996. On May 22, 1997, appellee filed a counterclaim for damages and injuries he had sustained. On May 16, 1997, appellee's insurance company, Safe Auto Insurance Company, had filed a subrogation complaint to recover $5,494.78 paid to appellee. The two complaints were consolidated on September 24, 1998. On May 20, 1999, the parties entered into a stipulation in an attempt to eliminate damages as an issue at trial. The stipulation stated if the jury should find that appellant was fifty-one percent or more at fault, he would be barred from recovery and appellee would be able to collect $5,494.78 for the benefit of Safe Auto. The stipulation was silent as to what would happen if the jury found appellee to also be at fault. A jury trial commenced on June 2, 1999. The jury found appellant fifty-one percent negligent and appellee forty-nine percent negligent. By judgment entry filed June 16, 1999, the trial court awarded $5,494.78 to Safe Auto. On July 27, 1999, appellant filed a request to amend stipulations claiming the parties did not intend that appellee's damages would be paid in full if he was found to be comparatively negligent. By entry filed September 21, 1999, the trial court denied said request finding an agreed entry had not been filed as ordered as counsel for Safe Auto had refused to sign. Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I THE TRIAL COURT ERRED IN REFUSING TO MAKE THE CORRECTION OF THE CLERICAL MISTAKE ENTERED IN A STIPULATION.
 I
Appellant claims the trial court erred in denying his motion for relief from judgment pursuant to Civ.R. 60(A). We agree. Civ.R. 60(A) governs clerical mistakes and states in pertinent part "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders." A "clerical mistake" is a "type of mistake or omission mechanical in nature which is apparent on the record and which does not involve a legal decision or judgment by an attorney." Dentsply International, Inc. v. Kostas (1985),26 Ohio App.3d 116, 118, quoting In re Merry Queen Transfer Corp. (E.D.N.Y. 1967) 266 F. Supp. 605, 607. The gravamen of this appeal is whether the failure to provide for a comparative negligence setoff for the percentage of fault against appellee in a pretrial stipulation was a clerical or mechanical error. We conclude said failure was a mechanical error. The stipulation filed May 20, 1999 provides "[t]he jury will be asked, by specific interrogatories, whether Defendant was negligent, whether Plaintiff was negligent, and the relative degrees of comparative negligence, if any." The jury verdict and interrogatory assigned forty-nine percent of the negligence to appellee and fifty-one percent of the negligence to appellant. The trial court's judgment entry filed June 16, 1999 did not provide for a mechanical or mathematical adjustment for the forty-nine percent assigned to appellee: Upon the return of a verdict in favor of [appellee] Anthony Orender and against [appellant] Lance P. Hill, in accordance with said Stipulation, judgment is hereby granted as follows:
1. On Plaintiff Hill's Complaint, for Defendant Orender.
 2. On the consolidated Complaint of Safe Auto Insurance Company vs. Hill, for Orender and Safe Auto in the amount of $5,494.78, plus interest at the judgment rate from date of filing this Judgment Entry, until paid.
* * *
R.C. 2315.19(C) provides the legal mechanism for determining the amounts recoverable under comparative negligence: After the court makes its findings of fact or after the jury returns its general verdict accompanied by answers to interrogatories as described in division (B) of this section, the court shall diminish the total amount of the compensatory damages that would have been recoverable by an amount that is proportionately equal to the percentage of negligence, other tortious conduct, or implied assumption of the risk that is attributable to the plaintiff or the person for whom the plaintiff is legal representative, which percentage was determined pursuant to division (B) of this section. If the percentage of the negligence, other tortious conduct, or implied assumption of the risk that is attributable to the plaintiff or the person for whom the plaintiff is legal representative is greater than the total of the percentages of the of the negligence that is attributable to all parties from whom the plaintiff seeks recovery, which percentages were determined pursuant to division (B) of this section, the court shall enter judgment in favor of those parties.
The mandatory language of the statute required the trial court to reduce appellee's recovery by the amount of negligence assigned to him in order for the judgment entry to be consistent with the jury's verdict. Based upon the foregoing, we reverse and remand this case to the trial court to conform the judgment entry to the jury verdict pursuant to R.C. 2315.19(C). The sole assignment of error is granted.
The judgment of the Court of Common Pleas of Ashland County, Ohio is hereby reversed and remanded.
 ___________________ Farmer, J.
By Wise, J. and Edwards, J. concur.