JOURNAL ENTRY AND OPINION
{¶ 1} This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the records from the common pleas court and the briefs.
 {¶ 2} The appellant, John Nichols, appeals from the judgment of the Cuyahoga County Court of Common Pleas, Criminal Division, in which the lower court denied his Motion for Reissuance of Findings of Fact and Conclusions of Law and Motion for Relief from Judgment pursuant to Civ.R. 60(A).
 {¶ 3} In 1996, Nichols was indicted by the Cuyahoga County Grand Jury charging one count of aggravated murder, in violation of R.C. 2903.01, and a separate firearm specification, in violation of R.C. 2941.145. The matter proceeded to a bench trial, and on the third day of trial, a plea agreement was reached wherein the state agreed to amend the indictment from aggravated murder to murder in exchange for Nichols' plea of guilty. Nichols was sentenced to the Mansfield Correctional Institution for 15 years to life on the murder charge and a consecutive three-year term on the firearm specification. His conviction was affirmed by this court in State v. Nichols (Mar. 15, 2001), Cuyahoga App. No. 76966.
 {¶ 4} In a continuing line of appeals, the appellant filed a petition for post-conviction relief with the lower court. The state opposed said petition arguing that the petition was not timely filed, the issues presented were precluded under the doctrine of res judicata, and the petition lacked documentary evidence to support the claims presented. The lower court denied said petition and issued Findings of Fact and Conclusions of Law. Thereafter, the appellant filed Objections to the Findings of Fact and Conclusions of Law and Judgment Entry. The appellant sought review by the Ohio Supreme Court, which was summarily denied.
 {¶ 5} On September 24, 2001, the appellant filed a Motion for Reissuance of Findings of Fact, Conclusions of Law, and Judgment Entry, which the lower court denied. Thereafter, the appellant filed a Motion for Relief from Judgment pursuant to Civ.R. 60(A), which was denied.
 {¶ 6} For the following reasons, the appellant's appeal is not well taken.
 {¶ 7} The appellant presents a single assignment of error for this court's review:
 {¶ 8} I. THE TRIAL COURT ABUSED ITS DISCRETION AND PREJUDICIALLY ERRED IN DENYING APPELLANT'S CIV.R. 60(A) MOTION WHICH SOUGHT TO CORRECT A CLERICAL MISTAKE THAT RENDERED THE COURT'S JUDGMENT TO BE NOT A FINAL ORDER AND INVALID FOR APPELLATE PURPOSES.
 {¶ 9} The appellant, in his sole assignment of error, argues that the lower court abused its discretion in denying his Motion for Relief from Judgment pursuant to Civ.R. 60(A) because he claims that the clerk of courts' office made a clerical error in sending him a copy of the lower court's Findings of Fact and Conclusions of Law that were not signed by the lower court and did not contain a file stamp.[1] As the Findings of Fact and Conclusions of Law did not contain a signature or file stamp, the appellant argues he believed the findings to be proposed findings of fact and conclusions of law. Therefore, the appellant contends he is entitled to have the lower court vacate its entry and reissue the findings for the purposes of preserving his appeal.
 {¶ 10} The standard of review for such matters is to determine whether the trial court abused its discretion in reaching its judgment. Absent a clear abuse of that discretion, the lower court's decision should not be reversed. Mobberly v. Hendricks (1994) 98 Ohio App.3d 839,845. An abuse of discretion implies more than an error of law or judgment. Rather, abuse of discretion suggests that the trial court acted in an unreasonable, arbitrary, or unconscionable manner. In re Jane Doe 1 (1991), 57 Ohio St.3d 135; Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 11} Civ.R. 60(A) states in pertinent part:
 {¶ 12} (A) Clerical Mistakes. Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders. * * *.
 {¶ 13} It is axiomatic that a court has the power to correct a clerical error pursuant to Civ.R. 60(A). However, this rule is applied to inadvertent clerical errors only, Cale Products, Inc. v. Orrville Bronze Alum. Co. (1982), 8 Ohio App.3d 375, 378, and cannot be used to change something which was deliberately done. Security Mut. Cas. Co. v.Century Cas. Co. (C.A. 10, 1980), 621 F.2d 1062, 1065.
 {¶ 14} A clerical mistake" has been defined as follows:
 {¶ 15} "* * * The term `clerical mistake' does not mean that it must be made by a clerk. The phrase merely describes the type of error identified with mistakes in transcription, alteration or omission of any papers and documents which are traditionally or customarily handled or controlled by clerks but which papers or documents may be handled by others. It is a type of mistake or omission mechanical in nature which is apparent on the record and which does not involve a legal decision or judgment by an attorney. * * *" (Emphasis added.) In re Merry Queen Transfer Corp. (E.D.N.Y. 1967), 266 F. Supp. 605, 607.
 {¶ 16} In reviewing the record, we cannot conclude that the lower court abused its discretion in denying the appellant's Motion to Reissue Findings of Fact and Conclusions of Law. The record is clear that the lower court intended to deny the appellant's petition. There was no clerical error in mailing the findings to the appellant. Further, the appellant filed an objection to the findings which clearly highlights the fact that the appellant received them in a timely fashion in order to appeal in a timely manner. Simply, Civ.R. 60(A) is not the proper avenue to pursue the instant matter since there is no clerical error for the lower court to correct.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J., AND PATRICIA A. BLACKMON, J., CONCUR.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also S.Ct.Prac.R. II, Section 2(A)(1).
[1] The certificate of service attached to the findings of fact and conclusions of law forwarded to the appellant reflects a forward date of May 25, 2001. The docket reflects May 31, 2001 as the date in which the findings of fact and conclusions of law were signed and filed.