DECISION
{¶ 1} Appellant, Darrell Stephen Hatfield, appeals from a judgment of the Franklin County Court of Common Pleas that granted a motion for summary judgment in favor of appellee, Reg Martin, the court appointed receiver for Kinsington, Inc., and sets forth the following assignments of error:
Assignment of Error # I: The Trial Court erred in denying Appellants Civil Rule 60(A)(B) Motion for Relief from Judgment where Appellant informed the Court that a timely Memorandum Contra to Plaintiff's Motion for Summary Judgment had been filed with newly discovered evidence and where the interest of justice required the granting of Appellant's Motion.
Assignment of Error # II: The Trial Court erred by improperly and illegally ignoring Appellant's Memorandum Contra to Plaintiff's Motion for Summary Judgment as out of Rule when Appellant's Memo Contra was timely filed, properly served and containing Appellant's Affidavit setting forth the fact that genuine issues of material fact to exist and as a matter of law, Summary Judgment could not be granted to Plaintiff.
Assignment of Error # III: The Trial Court erred by inserting false and incorrect information in the February 4, 2003 decision by stating that Defendant's Motion to Compel was filed out of Rule, failed to include a certificate of service and failed to inform the Court of what efforts, if any, were taken in a effort to resolve the discovery dispute, a clear abuse of discretion.
Assignment of Error # IV: The Trial Court erred to the prejudice of Appellant in denying his Civ.R. 60(A)(B) Motion and vacating its prior decision to grant Appellee's Motion for Summary Judgment and by ignoring Appellant's Memo Contra to Appellee's Motion for Summary Judgment. Appellant's Memo Contra informed the Court that Appellee's Summary Judgment Motion contained Affidavit's that were made by individuals not having Personal knowledge of the information stated in their Affidavit's and did not set forth admissible evidence making them competent to testify to the matters stated in the Affidavit as required by Civ.R. 56(E). A clear abuse of discretion and denial of due process to Appellant.
Assignment of Error # V: The Trial Court erred to the prejudice of Appellant by denying Appellant's Motion for relief from judgment. In the Trial Court could vacate or set aside its previous judgment granting Appellee Summary Judgment to consider Appellant's timely filed Memo Contra requesting in part that Appellant be permitted to conduct discovery pursuant to Civ.R. 56 (F).
Assignment of Error # VI: The Trial Court erred to the prejudice of Appellant by stating that Appellant utilized the filing of a Civ.R. 60(B) Motion as a substitute to a timely appeal despite the agreement of Appellee and the recommendation of Appellant mediator David Doyle (July 11, 2002) for Appellant to have the matter remanded to the Trial Court and to file his Motion for Relief from Judgment pursuant to Civ.R. 60 (A)(B).
 {¶ 2} In March 2001, appellee, as receiver for Kinsington, Inc., filed a complaint against appellant alleging that Hatfield was an employee and vice-president of Kinsington, Inc., and had used credit cards issued to him for business purposes only to pay for personal expenses in the amount of $38,632.66. On February 4, 2002, appellee filed a motion for summary judgment, to which appellant responded with a memorandum in opposition filed on February 25, 2002. On March 19, 2002, the trial court rendered a decision in favor of appellee, largely on the basis that the motion for summary judgment was unopposed. The judgment entry was filed on May 17, 2002.
 {¶ 3} Appellant filed a notice of appeal with this court on June 21, 2002, which was dismissed as untimely. On September 3, 2002, appellant filed a motion for relief from judgment, pursuant to Civ.R. 60(A) and (B), arguing that the motion for summary judgment was improperly granted. The trial court found appellant was attempting to use Civ.R. 60 as a substitute for appeal and overruled the motion.
 {¶ 4} Appellant's assignments of error are related and will be addressed together.
 {¶ 5} Appellant argues that the trial court made a clerical error in stating that appellee's motion for summary judgment was unopposed when appellant had filed a response and, therefore, he is entitled to relief pursuant to Civ.R. 60(A). Appellant further argues the trial court erred in granting appellee's motion for summary judgment as the affidavits submitted by appellee do not meet the requirements of Civ.R. 56(E) and the claims against him are frivolous.
 {¶ 6} Civ.R. 60(A) provides in part:
(A) Clerical mistakes. Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders. * * *
 {¶ 7} A clerical error within the meaning of Civ.R. 60(A) means:
"* * * [T]he type of error identified with mistakes in transcription, alteration or omission of any papers and documents which are traditionally or customarily handled or controlled by clerks but which papers or documents may be handled by others. It is a type of mistake or omission mechanical in nature which is apparent on the record and which does not involve a legal decision or judgment by an attorney. * * *"
* * *
(Emphasis sic.) Dentsply Internatl., Inc. v. Kostas (1985),26 Ohio App.3d 116, 118, quoting In re Merry Queen Transfer Corp. (E.D.N.Y. 1967), 266 F. Supp. 605, 607.
 {¶ 8} The trial court's conclusion that the motion for summary judgment was unopposed because the memorandum in opposition was not timely filed is not a clerical error within Civ.R. 60(A). Rather, the determination of whether a motion was timely filed requires a decision by a judge.
 {¶ 9} In order to prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the moving party must show that: (1) he has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds set forth in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time. GTE Automatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146.
 {¶ 10} The issue to be decided on appeal from the denial of a motion for relief from judgment pursuant to Civ.R. 60(B) is whether the trial court abused its discretion. State ex rel. Freeman v. Kraft (1980), 61 Ohio St.2d 284. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 11} Civ.R. 60(B) applies to the vacation of voidable judgments, not judgments that are alleged to be erroneous. Appellant's arguments here challenge the legal correctness of the trial court's decision and had to be raised by a timely appeal of that decision. Civ.R. 60(B) relief is not available as a substitute for the failure to file a timely appeal. Blasco v. Mislik (1982), 69 Ohio St.2d 684. Likewise, the trial court is not required to grant a motion for relief from judgment merely because it may have been suggested to appellant that filing such a motion might entitle him to relief pursuant to Civ.R. 60(B). Because the trial court correctly found that appellant was trying to use Civ.R. 60(B) as a substitute for the lack of a timely filed appeal, the trial court did not err or abuse its discretion in overruling the motion for relief from judgment.
 {¶ 12} For the foregoing reasons, appellant's assignments of error are overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
PETREE, P.J., and LAZARUS, J., concur.