**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 12 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellant-
      Cross-Appellee,

v.

COLORADO MUFFLERS
UNLIMITED, INC.,

      Defendant-Appellee-
      Cross-Appellant.

Nos.  03-1442 & 03-1459
(D.C. No. 02-BB-1231 (CBS))
(D. Colo.)

---

**ORDER AND JUDGMENT**  [*]

---

Before  **McCONNELL** , **HOLLOWAY** , and **PORFILIO** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

these appeals.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The cases are

therefore ordered submitted without oral argument.

---

[*]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

The principal question we are asked to decide in this case is whether the district court erred in awarding recovery of erroneously refunded taxes to the United States, but denying recovery of prejudgment interest on such taxes, on the basis that the government did not adequately prove the amount of prejudgment interest owed. Because prejudgment interest on erroneous tax refunds is statutorily mandated and the amount of such interest is a matter of law, we hold the district court erred in not amending its judgment to award prejudgment interest.

Accordingly, we exercise jurisdiction under 28 U.S.C. § 1291 and affirm the district court's underlying award, reverse its denial of the government's Fed. R. Civ. P. 59(e) motion to amend, and remand the case to the district court, directing it to amend its judgment to award to the United States prejudgment interest as required by 26 U.S.C. § 6602.

## I. BACKGROUND

On June 28, 2002, the United States filed a complaint seeking to recover $88,768.70 of employment and unemployment taxes erroneously refunded to Colorado Mufflers Unlimited, Inc. (Colorado Mufflers) as well as prejudgment interest on these funds. On May 19, 2003, the district court granted the United States' summary judgment motion, awarding it $88,768.70. At the same time, however, the court ordered the United States to file a brief "explaining and

-2-

quantifying the amount of [prejudgment] interest claimed and the basis of entitlement." Aplt. App. at 45.

The United States' brief on the matter set forth the relevant statutory sections mandating recovery of interest on erroneous tax refunds and included, as an exhibit, a declaration from Andrew Jones, an Internal Revenue Service (IRS) Technical Services Advisor, whose duties with the IRS included making interest computations. Mr. Jones stated in his declaration that he inputted into a computer program both the dates the erroneous refunds were made and the amount of each erroneous refund. The program then "perform[ed] interest computations applying the appropriate interest rates, compounded daily," and calculated that the total amount of prejudgment interest due to the United States was $15,232.24. *Id*. at 50. Mr. Jones's attached to his declaration ten pages of computer printouts showing the ten erroneous refunds and the amount of interest that had accrued on each through June 4, 2004, the "Interest Computation Date."

Colorado Mufflers, in its response brief, agreed the United States had the right to recover interest on erroneous refunds at the "underpayment interest rate as established under 26 U.S.C. [§] 6621" and that the "underpayment interest rate" was the "'Federal Short-term rate'" plus three percentage points. *Id*. at 61. But Colorado Mufflers argued that the government's brief and the attached declaration were insufficient to support the government's claim for prejudgment

interest because they failed to "set forth the applicable Federal short-term rate, or the total interest rate, which the calculations are based on." *Id*. at 62. The United States replied to Colorado Mufflers' response, noting that Colorado Mufflers did not dispute the correctness of the interest calculations and asking the court to take judicial notice of the federal short-term interest rates published by the IRS in its revenue rulings.

The district court denied the United States' request for an award of prejudgment interest, finding it had failed to comply adequately with the district court's May 19, 2003, order to explain and quantify "the amount of interest claimed and the basis of entitlement." *Id*. at 68. The district court stated that the United States should have provided "a spread sheet or similar document containing and explaining the manner in which the claimed interest was computed." *Id*. Thus, on August 8, 2003, the district court entered judgment (1) granting the United States' motion for summary judgment, (2) denying the United States' request for prejudgment interest, (3) entering judgment against Colorado Mufflers in the amount of $88,768.70, and (4) awarding post-judgment interest as provided by law and costs to the United States.

The United States subsequently filed a motion under Fed. R. Civ. P. 59(e), which it titled a motion to reconsider but which the trial court treated as a motion to alter or amend the judgment ("motion to amend"). Attached to the motion to

amend were (1) an IRS revenue ruling containing tables with the relevant interest rates for the relevant time period, and (2) a second declaration of Andrew Jones, including computer printouts showing not only the total interest calculated for each erroneous refund but also the relevant interest rate and amount of interest computed for each respective quarter. The rates used by the computer program match the rates set forth in the revenue ruling attached to the motion to amend. The district court refused to consider the documentation attached to the motion to amend, treating it as additional evidence that should have been submitted prior to the issuance of the judgment. On August 26, 2003, the district court denied the government's motion to amend, reiterating that it could not "make an award of interest without sufficient information upon which to base such an award." *Id*. at 113.

On appeal, the United States challenges: (1) the district court's denial of the United States' request for prejudgment interest on the $88,768.70 award, and (2) the district court's August 26, 2003, denial of the United States' Fed. R. Civ. P. 59(e) motion to amend. Colorado Mufflers cross-appeals, challenging the district court's $88,768.70 award to the United States and the award's attendant post-judgment interest and costs.

## II. ANALYSIS

### A. Standard of Review

> We review de novo the district court's summary judgment rulings. We thus apply the same legal standard used by the trial court. Summary judgment is appropriate when the evidence indicates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In examining the record we review the evidence in the light most favorable to the party opposing the motion for summary judgment.

*Schmidt v. Farm Credit Servs.*, 977 F.2d 511, 514 (10th Cir. 1992) (internal citation omitted). In this case, the material facts are not disputed–only the legal conclusions that may properly be drawn from such facts are at issue. *See generally Goichman v. City of Aspen*, 859 F.2d 1466, 1467-68 (10th Cir. 1988). We review for abuse of discretion the district court's ruling on the United States' Fed. R. Civ. P. 59(e) motion to amend. *Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.,* 312 F.3d 1292, 1296 n.3 (10th Cir. 2002).

### B. Colorado Mufflers' Cross-Appeal

Because we find it meritless, we first address Colorado Mufflers' argument on cross-appeal that summary judgment was improper because it was "based on an affidavit from the plaintiff's attorney with attachments [setting forth the tax amounts paid and then refunded] which were not original or certified documents, and did not comply with Fed. R. Civ. P.56(e)." Aplee./Cross-Aplt. Br. at 3.

In the district court, Colorado Mufflers did not object to the affidavits of which it now complains, nor did it dispute that refunds had been made or the amounts of the refunds. Colorado Mufflers approved by signature a scheduling order filed November 7, 2002, listing as an "undisputed fact" that the IRS refunded $88,768.00 to Colorado Mufflers. Aplt. App. at 20-21. Further, the United States listed a refund amount of $88,768.70 as "undisputed" in its memorandum in support of summary judgment. In its response, Colorado Mufflers conceded that "[t]he [United States] has correctly set forth the undisputed facts in its memorandum," and also attached an affidavit from its Secretary-Treasurer asserting, among other things, that Colorado Mufflers received refunds from the IRS totaling $88,768.60. [1] Aplt. Supp. App. at 1, 18-19.

Colorado Mufflers may not now complain about the evidentiary basis for the refund amounts when it not only failed to raise this objection in the district court, but previously agreed with the correctness of those amounts. *See Noblett v. Gen. Elec. Credit Corp.*, 400 F.2d 442, 445 (10th Cir. 1968) ("An affidavit that does not measure up to the standards of 56(e) is subject to a motion to strike; and formal defects are waived in the absence of a motion or other objection"); Fed. R.

---

[1] We are unaware of the reason for the slight discrepancies between the refund amounts listed in the scheduling order, the United States' memorandum in support of summary judgment, and the affidavit attached to Colorado Mufflers' response. The parties do not address these discrepancies and they are irrelevant to our disposition.

Evid. 103 (error may not be predicated on admission of evidence to which an objection was not raised).

C.  The United States' Direct Appeal

The United States argues, among other things, that the district court erred in denying its motion to amend because an award of interest is mandated by 26 U.S.C. § 6602 and the court had no discretion to deny such award.  We agree.

Under 26 U.S.C. § 7405, the United States may bring a civil action to recover an erroneous tax refund.  Further, "[a]ny portion of an internal revenue tax . . . which has been erroneously refunded, and which is recoverable by suit pursuant to [26 U.S.C.] section 7405, shall bear interest at the underpayment rate established under [26 U.S.C.] section 6621 from the date of the payment of the refund."  *Id*. § 6602.  The "[u]nderpayment rate" is the sum of the "Federal short-term rate" plus three percentage points.     *Id*. § 6621(a)(2).

The basis of the district court's refusal to award prejudgment interest to the United States was the United States' failure to provide the district court with the "applicable Federal short-term rate or the total interest rate upon which [the] United States' calculations [were] based."  Aplt. App. at 68.  The court therefore determined it had "no basis upon which to evaluate the accuracy of the amount of interest sought by the United States" and that it could not, therefore, make an award of interest.   *Id*.  When the government subsequently presented the district

-8-

court more specific interest calculations in its motion to amend, the court denied the motion, observing that "[m]otions under 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence." *Id*. at 113 (quoting *United States ex rel. Noyes v. Kimberly Constr., Inc.*, 43 Fed. Appx. 283, 287 (10th Cir. July 25, 2002) (unpublished)). The district court, treating the more specific calculations as evidence that could have and should have been presented prior to judgment, then refused to consider them. *Id*. at 114.

An erroneous refund recoverable by suit " *shall* bear interest at the underpayment rate established under section 6621 . . . ." 26 U.S.C. § 6602 (emphasis added). While "in general, the award of prejudgment interest in a case under federal law is a matter left to the sound discretion of the trial court[,]" *Purcell v. United States*, 1 F.3d 932, 942-43 (9th Cir. 1993) (quotation omitted), "[i]t is clear . . . that this general rule may be trumped by the command of a federal statute." *Id*. at 943. In *Purcell*, the Ninth Circuit considered whether the government was entitled to an award of prejudgment interest under the portion of 26 U.S.C. § 6601(e)(2)(A) that, at the time, read: "[i]nterest shall be imposed . . . in respect of any assessable penalty . . . only if such assessable penalty . . . is not paid within 10 days from the date of notice and demand therefor, and only . . . for the period from the date of the notice and demand to the date of payment."

*Purcell*, 1 F.3d at 943 (alteration in original). The Ninth Circuit held that the district court:

> was faced with a binding statutory directive to allow interest to the government as of the time notice and demand was made upon Purcell. The court was not required–indeed, was not permitted–to exercise its discretion regarding the award of interest. All that was required was to establish the date of notice and demand.

*Id*.

In this case, the district court mistakenly treated the question of the amount of interest as a factual question that the government had the burden of proving, stating "[p]roviding an interest calculation sufficient to meet a burden of proof is not unlike 'showing your work' in fifth grade arithmetic." Aplt. App. at 68. This was error because, here, prejudgment interest is mandated by statute and the amount owed is a matter of law, not evidence. *See United States v. Schroeder*, 900 F.2d 1144, 1150 n.5 (7th Cir. 1990) (interpreting the mandatory interest provision of 26 U.S.C. § 6601(e)(2) and noting that the amount of interest "is not something the government must prove at trial"); *see also United States v. Boyce*, 148 F. Supp. 2d 1069, 1090 (S.D. Cal. 2001) ("Because interest on assessments and penalties are [sic] mandatory under the Internal Revenue Code, the Court finds that the significance of [the I.R.S. employee's] declaration [as to amount of interest owed] was only to allow the Court to render judgment in a specific dollar

amount and does not open the door to discovery on the amount of interest the [taxpayers] owe.").

Therefore, once the court determined that an erroneous refund had been made and that recovery by the government was proper, it was required by statute to award prejudgment interest on such amount and it was a manifest error of law not to do so. Consequently, the district court abused its discretion in not granting the United States' motion to amend and amending its judgment to correct this error. *Cf. United States v. Faulkner*, 119 F.R.D. 390, 390-91 (N.D. Ill. 1988) (holding, in the context of a Fed. R. Civ. P. 60(a) motion asking the district court to correct its clerical mistake of omitting statutorily mandated prejudgment interest: "When a statute mandates and defines an award of interest, the omission of such interest from a judgment order is exactly the sort of mistake that Rule 60(a) was designed to correct . . . ."). Here, the United States' motion to amend included the specific interest rates the district court felt should have been included in the government's initial briefs and such calculations could have been used by the court in amending its judgment to make a specific interest award.

## III. CONCLUSION

The August 8, 2003, judgment of the district court is AFFIRMED IN PART as to its award of $88,768.70 and the attendant post-judgment interest and costs. WE REVERSE the district court's denial of the government's Fed. R. Civ.

P. 59(e) motion, and REMAND to the district court, directing it to amend its judgment to award prejudgment interest to the United States as required by 26 U.S.C. § 6602.

Entered for the Court

John C. Porfilio
Circuit Judge